In re Ramon A. CAMPBELL and Jennie Campbell, Debtors.

Ramon A. CAMPBELL and Jennie Campbell, Appellants,

v.

Javier CASTELO and Norma Alicia De Castelo, Appellees.

Ramon A. CAMPBELL and Jennie Campbell, Appellants,

v.

Alicia Parada DE CASTELO and George Nelson, Trustee, Appellees.

BAP Nos. AZ–89–1026–RJMe, AZ–89–1027–RJMe.

Bankruptcy No. 88–01134 TUC–LO.

Adv. No. 88–1071.

United States Bankruptcy Appellate Panel of the Ninth Circuit.

Sept. 27, 1989.

Denice L. Hance, Jacoby & Meyers Law Offices, Tucson, Ariz., for appellants.

Scott H. Gann, Mesch, Clark & Rothschild, Tucson, Ariz., for appellees.

Before RUSSELL, JONES and MEYERS, Bankruptcy Judges.

RUSSELL, Bankruptcy Judge:

Creditors brought complaints to except from discharge the debts owed to them by the debtors and to deny the debtors their discharge. The Clerk of the bankruptcy court issued summonses requiring a response within thirty days. These summonses and complaints were required to be served on the debtors within ten days after the summonses were issued. However, more than one month had elapsed before the debtors were served. Two months later, requests for default were filed and lodged with the clerk's office. Debtors then filed their responses six days later. The next day, the court entered default judgments determining the debts to be nondischargeable and denying the debtors their discharge. We reverse and remand.

## FACTS

On May 16, 1988, debtors Ramon A. Campbell and Jennie Campbell filed their Chapter 7 petition. On September 9, 1988, Javier Castelo and Norma Alicia De Castelo (the "Castelos") filed a proof of claim, indicating that the debtors owed them $214,020.54. On the same day, Alicia De Parada Castelo ("Parada") filed a proof of claim, indicating that the debtors owed her $263,626.71. The Castelos and Parada (hereafter "creditors") each filed a complaint to have their respective debts determined nondischargeable pursuant to 11 U.S.C. Section 523(a)(2)(A) and (a)(4). These complaints also sought to deny the debtors their discharge pursuant to 11 U.S.C. Section 727(a)(5).

On September 9, 1988, the Clerk of the bankruptcy court issued summonses to Ramon Campbell requiring him to serve and file a motion or answer to each complaint within thirty days. These summonses indicated that "IF YOU FAIL TO DO SO JUDGMENT WILL BE TAKEN AGAINST

YOU for the relief demanded in the complaint." Although Bankruptcy Rule 7004(f) requires that the summonses and complaints be served on the debtors within ten days after the summonses were issued, the debtors were not served with a copy of the summonses and complaints until October 11, 1988, two days after their responses were due. On October 13, 1988, Ramon Campbell wrote a letter to the bankruptcy court indicating when the debtors received the summonses and complaints and requesting an additional thirty days from that date in which to respond. The debtors also sought to inquire as to why they did not receive notices of these claims prior to October 11, 1988. A copy of this letter also was sent to the creditors' counsel, Lowell E. Rothschild. However, neither the Clerk nor Rothschild responded.

On December 12, 1988, two months later, Rothschild signed Affidavits of Default, which were filed and lodged with the clerk's office on December 13, 1988. The clerk's office entered the defaults on the same date. Six days later, on December 19, 1988, the debtors filed their answers to the creditors' complaints. On December 20, 1988, the bankruptcy court entered default judgments and ordered that nondischargeable judgments be entered in favor of the Castelos and against the debtors in the amount of $214,020.54, plus costs in the amount of $208.42, and in favor of Parada and against the debtors in the amount of $263,626.71, plus costs of $190.43. The judgments additionally denied the debtors their discharge in their Chapter 7 case. The debtors timely filed their Notices of Appeal on December 30, 1988.

## ISSUE

Whether the bankruptcy court erred when it entered default judgments against the debtors.

## STANDARD OF REVIEW

The power to grant a default judgment is within the broad discretion of the trial court. *Alan Neuman Prods. v. Albright*, 862 F.2d 1388, 1392 (9th Cir.1988); *Hawaii Carpenters' Trust Funds v. Stone*, 794 F.2d 508, 511–12 (9th Cir.1986); *In re Littenstein*, 35 B.R. 123, 124 (9th Cir.BAP 1983). The granting of a default judgment will be upheld unless there was an abuse of discretion. *Alan Neuman Prods.*, 862 F.2d at 1392; *Littenstein*, 35 B.R. at 124.

## DISCUSSION [1]

The debtors argue that the service of the summonses was improper. Therefore, they contend that the entry of the default judgments was improper and should be set aside. Their position is based on Bankruptcy Rule 7004(f), which provides:

(f) Summons: Time Limit for Service. If service is made pursuant to Rule 4(d)(1)–(6) FR Civ P it *shall* be made by delivery of the summons and complaint within 10 days following issuance of the summons. If service is made by any authorized form of mail, the summons and complaint *shall* be deposited in the mail within 10 days following the issuance of the summons. If a summons is not timely delivered or mailed, another summons *shall* be issued and served.

Bankr. R. 7004(f) (emphasis added).

Federal Rule of Civil Procedure 4(d)(1) provides, in pertinent part:

(d) Summons and Complaint: Persons to be Served. The summons and complaint shall be served together.... Service shall be made as follows:

(1) Upon an individual ... by delivering a copy of the summons to the individual personally....

Although the summonses and complaints were served together and were personally delivered to the debtors, they were not served within ten days of the issuance of the summonses, pursuant to Bankruptcy Rule 7004(f). The debtors argue, therefore, that the summonses served on them were defective, that the default judgments

---

1. These two appeals involve identical issues and arise out of identical situations. The debtors' appellants' briefs are virtually identical, as are those of the Castelos and Parada (both of whom are represented by Rothschild). For convenience purposes, we resolve both appeals in one decision and disposition.

should not have been entered, and that this panel should remand these matters to the bankruptcy court to set aside the default judgments.[2]

In response, the creditors argue that although the summonses and complaints were not timely served on the debtors, pursuant to Bankruptcy Rule 7004(f), the debtors nevertheless waived any claim of insufficiency of service of process because they did not timely raise this issue in their responses to the complaints, pursuant to Bankruptcy Rule 7012(b). Thus, the creditors assert that the default judgments were properly entered by the bankruptcy court.

The United States Supreme Court has stated that "service of a summons is the procedure by which a court having venue and jurisdiction of the subject matter of the suit asserts jurisdiction over the person of the party being served." *Mississippi Publishing Corp. v. Murphree*, 326 U.S. 438, 444–45, 66 S.Ct. 242, 245–46, 90 L.Ed. 185 (1946); *In re Horob*, 54 B.R. 693, 696 (Bankr.D.N.D.1985); *In re Valeu*, 53 B.R. 549, 553 (Bankr.D.N.D.1985). "Even receipt of actual notice does not remedy the technically defective service through which the court fails to obtain personal jurisdiction." *Horob*, 54 B.R. at 696; *Valeu*, 53 B.R. at 553. Bankruptcy Rule 7004(f) provides that service shall be made by delivery of the summons and complaint within 10 days following the issuance of the summons. If the summons is not timely mailed or delivered, another summons shall be issued and served. *In re Terzian*, 75 B.R. 923, 926 (Bankr.S.D.N.Y.1987); *In re Tuzzolino*, 71 B.R. 231, 233 (Bankr.N.D.N.Y. 1986); Bankr.R. 7004(f).

Bankruptcy Rule 7004(f) does not limit the number of summonses a plaintiff may receive for the purposes of curing defective service. *Terzian*, 75 B.R. at 926; *In re Dahowski*, 48 B.R. 877, 881 (Bankr.S.D.N.Y.1985). However, plaintiffs are required to use diligence in making service of process. *Terzian*, 75 B.R. at 926; *Horob*, 54 B.R. at 693. If considerable delay occurs before a summons is issued and served, the complaint may be subject to a motion to dismiss for failure to properly prosecute. *See Grammenos v. Lemos*, 457 F.2d 1067, 1071 (2d Cir.1972); *In re Schwartz & Meyers*, 64 B.R. 948, 956 (Bankr.S.D.N.Y.1986).

A default judgment entered when there has been no proper service of the complaint is void, and should be set aside. *See Gold Kist, Inc. v. Laurinburg Oil Co.*, 756 F.2d 14, 19 (3d Cir.1985). *See also Combs v. Nick Garin Trucking*, 825 F.2d 437, 442 (D.C.Cir.1987); *Recreational Properties v. Southwest Mortgage Service*, 804 F.2d 311, 314 (5th Cir.1986). In the instant case, the summonses were issued on September 9, 1988. The creditors had ten days from that date in which to serve the summonses and complaints on the debtors. The debtors were not served until October 11, 1988. Because the summonses had expired, the service of the summonses and the complaints was defective. Additionally, the creditors argument that the debtors waived their claim of defective service is totally without merit. The debtors were never served and therefore had no obligation to file an earlier response complaining of the defect. *See In re Harlow*, 56 B.R. 794, 799 (9th Cir. BAP 1985). Therefore, we hold that the bankruptcy court erred when it entered the default judgments against the debtors and in favor of the creditors. The judgments are void and must be set aside.

## CONCLUSION

The creditors did not serve the summonses and complaints within 10 days of the issuance of the summonses. The service of the summonses and complaints, therefore, was defective. Accordingly, the bankruptcy court erred and abused its discretion when it entered the default judgments

---

**2.** The debtors also raise the issue of whether their letter to the Clerk of the bankruptcy court constituted an "appearance" before the bankruptcy court, entitling them to three days notice of the creditors' applications for the default judgments, pursuant to Federal Rule of Civil Procedure 55(b)(2), made applicable in adversary proceedings in bankruptcy by Bankruptcy Rule 7055. Since the default judgments are vacated on other grounds, *see* discussion, *infra*, we need not address this issue.

against the debtors and in favor of the creditors which declared the debts owed to the creditors to be nondischargeable and denied the debtors their discharge.

The judgments of the bankruptcy court are REVERSED and the default judgments are VACATED. These matters are RE-MANDED to the bankruptcy court for determinations consistent with this decision.