**In re John A. BETTS, Debtor.**

**ATTORNEY REGISTRATION AND DISCIPLINARY COMMISSION OF the SUPREME COURT OF ILLINOIS, Plaintiff,**

v.

**John A. BETTS, Defendant.**

**Bankruptcy No. 91 B 21706.
Adv. No. 92 A 00325.**

United States Bankruptcy Court,
N.D. Illinois, E.D.

June 16, 1992.

M. Scott Michel, U.S. Trustee, Chicago, Ill.

Ruthe A. Howes, Chicago, Ill., for Attorney Registration and Disciplinary Com'n of the Supreme Court of Illinois.

Kenneth A. Kozel, LaSalle, Ill., for John A. Betts, debtor.

## MEMORANDUM OPINION

JOHN H. SQUIRES, Bankruptcy Judge.

This matter comes before the Court on a motion to dismiss filed by the Debtor, John A. Betts, pursuant to Federal Rule of Civil Procedure 12(b), seeking to dismiss the adversary proceeding and complaint filed by the Attorney Registration and Disciplinary Commission of the Supreme Court of Illinois ("ARDC"). For the reasons set forth herein, the Court having reviewed the pleadings, exhibits and papers attached thereto, hereby denies the motion.

## I. JURISDICTION AND PROCEDURE

The Court has jurisdiction to entertain this motion pursuant to 28 U.S.C. § 1334 and General Rule 2.33(A) of the United States District Court for the Northern District of Illinois. This matter constitutes a core proceeding under 28 U.S.C. § 157(b)(2)(I), notwithstanding the argument raised by the Debtor that this adversary proceeding is non-core.

The Debtor alleges that proceedings to determine the dischargeability of a debt are core proceedings only when the estate has assets to administer. He concludes that if there is no estate to administer, then dischargeability determinations of claims are non-core related adversary proceedings. No authority for such proposition was cited, and hence is forfeited absent any legal support or sufficient explanation. *Pelfresne v. Williams Bay*, 917 F.2d 1017, 1023 (7th Cir.1990). The Court summarily rejects such conclusion. Even if a matter is non-core, that point is not a proper ground for dismissal of a complaint.

28 U.S.C. § 157(b)(2) provides that core proceedings include, but are not limited to, a number of various matters which specifically include determinations as to the dischargeability of particular debts. *See* 28 U.S.C. § 157(b)(2)(I). More importantly, the Debtor's unsupported point misses the mark by erroneously concluding that core proceedings only involve matters wherein there is an estate for a trustee to administer. This approach ignores the two central congressional policies underlying the Bankruptcy Code, namely a fresh start for a debtor and payment of creditors' claims. Whether or not there is a bankruptcy estate to be administered is not outcome determinative of either of these two central policies, both of which are implicated in dischargeability adversary proceedings. ARDC seeks to have its claim found not to be subject to an order of discharge. The

Debtor, on the other hand, opposing same, understandably does not want his fresh start impaired by the survival of any more pre-petition debts than those statutorily excepted as outlined in section 523. Thus, it is logical and at the heart of bankruptcy jurisprudence to conclude that dischargeability determinations are core proceedings, regardless of whether there is an estate for a trustee to administer.

## II. FACTS AND BACKGROUND

### A. HISTORY OF THE PROCEEDINGS

On October 11, 1991, the Debtor, a practicing Illinois attorney, filed a pro se Chapter 7 petition. The petition was accompanied with a list of creditors which did not include ARDC. It was not accompanied with the requisite schedules of assets and liabilities and the statement of affairs as required by Official Bankruptcy Forms 6 and 7. On October 29, 1991, a notice of commencement of the case and of the initial section 341 meeting of creditors, set for November 21, 1991, was administratively issued by the Clerk of the Bankruptcy Court and served on the Debtor at his address of record, the interim Chapter 7 trustee, and the one scheduled creditor. That notice indicated that the deadline to file a complaint objecting to discharge of the Debtor, or to determine dischargeability of certain types of debts under 11 U.S.C. § 523(a)(2), (4) or (6) had to be filed by January 21, 1992.

The required schedules and statement of affairs were filed late on February 12, 1992. Thereafter, the interim trustee filed a no asset report on February 20, 1992. The attorney for ARDC filed an appearance on March 6, 1992, at the time a hearing was had on ARDC's motion for additional time to allow the filing of objections to discharge. On March 20, 1992, ARDC filed the instant adversary proceeding to determine dischargeability of a debt pursuant to section 523(a)(7), not an objection to discharge under 11 U.S.C. § 727.

The complaint alleges, *inter alia,* that ARDC is the agency established by the Supreme Court of Illinois pursuant to Ill. Rev.Stat. ch. 110A, para. 751 *et. seq.,* to investigate and prosecute allegations of at-torney misconduct. The complaint alleges that the Debtor was licensed to practice law in the state of Illinois and was suspended for a six-month period back in May, 1986 for engaging in attorney misconduct and was investigated and prosecuted by ARDC. Copies of the relevant Supreme Court of Illinois opinions and orders were attached to the complaint. The complaint further alleges that Illinois Supreme Court Rule 773 provides that an attorney who is the subject of a disciplinary proceeding that results in the imposition of discipline has a duty to reimburse ARDC for costs incurred. In addition, the complaint asserts that ARDC, in conjunction with the investigation and prosecution of the matter which led to the Debtor's suspension, incurred costs in the amount of $3,833.06, which was the subject of an order by the Supreme Court of Illinois entered on June 25, 1991 assessing costs against the Debtor, entering a judgment against him in said amount, and ordering him to pay same within thirty days thereafter. Moreover, the complaint claims that the judgment is unpaid and constitutes a fine, penalty or forfeiture payable to and for the benefit of ARDC as a governmental unit, and accordingly is nondischargeable pursuant to section 523(a)(7).

### B. CONTENTIONS OF THE PARTIES

The Debtor has retained separate counsel who has entered a supplemental appearance and filed the instant motion to dismiss. The Debtor argues two principal grounds in addition to the above discussed contention that the matter is non-core. First, the Debtor contends the filing of the complaint is untimely, and that the previous motion for extension of time filed by ARDC was void because allegedly made ex parte. Second, the Debtor maintains the Court lacks in personam jurisdiction because a copy of the summons purportedly served on the Debtor with the complaint was not issued by the Clerk of the Bankruptcy Court, and was undated, unsigned and did not contain the information about the assigned number and initial status hearing in the subject adversary proceeding.

In its response, ARDC contends that when the Debtor filed the case, he failed to schedule ARDC and that it did not receive actual notice of the filing of the petition and pendency of the Chapter 7 case until sometime in late January, 1992. ARDC thereafter served out its motion to extend time on the Debtor at his address of record via overnight mail which service allegedly was refused. ARDC further contends that when it filed the instant complaint, it had the Clerk issue a summons which was served on March 20, 1992, in accordance with the requirement of Federal Rule of Bankruptcy Procedure 7004(b)(1). A fully executed copy of the summons was also later served by letter of transmittal to the Debtor dated April 8, 1992. Thus, ARDC contends the dischargeability complaint was timely filed, adequately served, and states a meritorious cause of action. In reply, the Debtor reasserts the original grounds argued in the motion, adds ad hominem attacks on ARDC and its attorney, and concludes that ARDC has proceeded improperly. For purposes of deciding the motion, the Court will not reach the merits of the complaint although both sides argue same.

## III. DISCUSSION

### A. STANDARDS ON MOTIONS TO DISMISS

Notice pleadings filed under Rule 8 of the Federal Rules of Civil Procedure should be liberally construed. *Sutliff, Inc. v. Donovan Cos.*, 727 F.2d 648, 653 (7th Cir.1984). Rule 8 applies in adversary proceedings filed as related matters under the Bankruptcy Code pursuant to Federal Rule of Bankruptcy Procedure 7008. "A complaint under Rule 8 limns the claim; details of both fact and law come later, in other documents. Instead of asking whether the complaint points to the appropriate statute, a court should ask whether relief is possible under any set of facts that could be established consistent with the allegations." *Bartholet v. Reishauer A.G.*, 953 F.2d 1073, 1078 (7th Cir.1992).

In order for the Debtor to prevail on the motion to dismiss under Rule 12 and its bankruptcy analogue Rule 7012, it must clearly appear from the pleadings that ARDC can prove no set of facts in support of its claim which would entitle it to relief. *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957); *Meriwether v. Faulkner*, 821 F.2d 408, 411 (7th Cir.1987), *cert. denied*, 484 U.S. 935, 108 S.Ct. 311, 98 L.Ed.2d 269 (1987); *Doe v. St. Joseph's Hospital*, 788 F.2d 411, 414 (7th Cir.1986); *Swanson v. Wabash, Inc.*, 577 F.Supp. 1308, 1312 (N.D.Ill.1983). The Seventh Circuit has emphasized that "[d]espite their liberality on pleading matters ... the federal rules still require that a complaint allege facts that, if proven, would provide an adequate basis for each claim." *Gray v. County of Dane*, 854 F.2d 179, 182 (7th Cir.1988). It is well established that alleging mere legal conclusions, without a factual predicate, is inadequate to state a claim for relief. *Briscoe v. LaHue*, 663 F.2d 713, 723 (7th Cir.1981), *aff'd*, 460 U.S. 325, 103 S.Ct. 1108, 75 L.Ed.2d 96 (1983). Moreover, the Court must take as true all well pleaded material facts in the complaint and must view these facts and all reasonable inferences which may be drawn from them in a light most favorable to ARDC. *Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S.Ct. 2229, 2232, 81 L.Ed.2d 59 (1984); *Infinity Broadcasting Corp. v. Prudential Ins. Co.*, 869 F.2d 1073, 1075 (7th Cir. 1989); *Corcoran v. Chicago Park Dist.*, 875 F.2d 609, 611 (7th Cir.1989); *Marmon Group, Inc. v. Rexnord, Inc.*, 822 F.2d 31, 34 (7th Cir.1987); *Meriwether v. Faulkner*, 821 F.2d at 410; *Ellsworth v. Racine*, 774 F.2d 182, 184 (7th Cir.1985), *cert. denied*, 475 U.S. 1047, 106 S.Ct. 1265, 89 L.Ed.2d 574 (1986). The issue is not whether the ARDC will ultimately prevail, but whether ARDC has pleaded a cause of action sufficient to entitle it to offer evidence in support of its claim. *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974).

### B. FEDERAL RULE OF BANKRUPTCY PROCEDURE 4007 AND DISCHARGEABILITY COMPLAINTS UNDER 11 U.S.C. § 523

The Debtor's argument relative to the timeliness of the filing of the complaint, though not cited by either party, is apparently based on the sixty-day time re-

quirement established under Federal Rule of Bankruptcy Procedure 4007. In relevant part, Bankruptcy Rule 4007(c) provides that a complaint to determine the dischargeability of any debt pursuant to section 523(c) of the Code shall be filed not later than sixty days following the first date set for the meeting of creditors held pursuant to section 341(a). The Rule further provides that on motion of any party of interest, after hearing on notice, the Court may for cause extend the time fixed under this subdivision. The motion shall be made before the time has expired. On the other hand, subsection (b) of that Rule provides that a complaint other than under section 523(c) may be filed at any time.

Section 523(c), except for certain exceptions not applicable here, only references discharge determinations under section 523(a)(2), (4), (6) and (11). Most importantly is the omission by way of reference in section 523(c) to all the other subparagraphs including section 523(a)(7) upon which ARDC's complaint is based. Thus, the sixty-day time limit of Bankruptcy Rule 4007(c) only applies if the underlying theory of a dischargeability complaint is based on fraud, false financial statement, fraud or defalcation by a fiduciary, embezzlement or larceny, willful and malicious injuries to a person or property, or fraud or defalcation by a fiduciary with respect to a depository institution.

If a creditor fails to file its dischargeability complaint within the statutory period on one of those theories or timely seek an extension of time within that period, the claim will be discharged regardless of the merits. Dischargeability complaints, however, based on the other subparagraphs of section 523(a) are not so similarly time restricted. *See generally* 1 R. Ginsberg, *Bankruptcy: Text, Statute, Rules*, § 11.-07[a] at p. 957 (2d ed. 1991 Supp.) (collecting cases). The Debtor's arguments concerning the extension of time granted are further inapposite because the only extension granted was for objections to discharge to be filed on or before March 20, 1992. No objections to discharge under section 727 have been filed, only the pending dischargeability complaint under section 523(a)(7).

## C. FEDERAL RULE OF BANKRUPTCY PROCEDURE 7004 AND ADEQUACY OF SERVICE OF PROCESS

■ Federal Rule of Bankruptcy Procedure 7004 sets the requirements for and adequacy of service of process. Although the Debtor indicates that he was served with an incomplete copy of the summons, from a cursory review of the Court file and the response by ARDC, it appears that on March 20, 1992, the Clerk of the Bankruptcy Court duly issued a summons as required by Bankruptcy Rule 7004(a). There is no dispute that a summons and a copy of the complaint were mailed by first class mail postage prepaid to the Debtor and the interim trustee at their respective addresses of record, according to the certification of service. Returns of service executed by counsel for plaintiffs are prima facie evidence of valid service, *Trustees of Local Union No. 727 Pension Fund v. Perfect Parking, Inc.*, 126 F.R.D. 48, 52 (N.D.Ill. 1989), and as such, import a verity " 'which can only be overcome by strong and convincing evidence.' " *Id.* (quoting *Hicklin v. Edwards*, 226 F.2d 410, 414 (8th Cir.1955)). Pursuant to ARDC's response in opposition, another employee of ARDC later enclosed and transmitted to the Debtor a seal copy of the fully executed and issued summons on April 8, 1992, albeit more than ten days after issuance and service of the incomplete summons on March 20, 1992.

■ Bankruptcy Rule 7004(b) and (d) provides for nationwide service by first class mail. Under Bankruptcy Rule 7004(b)(9), service may be had on the Debtor after a petition has been filed by mailing copies of the summons and complaint to the Debtor at the address shown in the petition or statement of affairs, or such other address the Debtor may designate in a filed writing and, if the Debtor is represented by an attorney, to the attorney at the attorney's address. Bankruptcy Rule 7004(f) requires service within ten days following issuance of the summons. If service is made by any other authorized form of mail, the summons and complaint shall be deposited in the mail within ten days following issuance of the summons. If a summons is

not timely delivered or mailed, another summons shall be issued and served. Under Bankruptcy Rule 7004(f), service is completed on the mailing of the pleadings, not the delivery.

Rule 4(h), incorporated by Bankruptcy Rule 7004(a), provides that "[a]t any time in its discretion and upon such terms as it deems just, the court may allow any process or proof of service thereof to be amended, unless it clearly appears that material prejudice would result to the substantial rights of the party against whom the process issued." Fed.R.Civ.P. 4(h). "Where there is a good faith attempt to comply with the requirements of the bankruptcy rules and the federal rules ... errors in such process should be amendable so long as there is no prejudice to the party served. On the other hand, where there is flagrant disregard of such requirements then process may be held to be void and not curable." 9 *Collier on Bankruptcy*, ¶ 7004.03[8] at 7004–26 (15th ed. 1992). *See generally* 2 *Moore's Federal Practice and Procedure*, ¶ 4.09 (2d ed. 1990).

Caselaw construing Bankruptcy Rule 7004 provides instructive judicial gloss. The bankruptcy court has discretion to decide whether to dismiss an action on the basis of improper service. *See In re Hollis & Co.*, 86 B.R. 152, 154 (Bankr. E.D.Ark.1988). Failure to provide simultaneous service of the summons and complaint is not fatal in every instance, rather Bankruptcy Rule 7004(f) provides that if a summons is not timely delivered or mailed, another may be issued, suggesting that lack of simultaneous service is not de facto fatal to jurisdiction. *In re Horob*, 54 B.R. 693, 696 (Bankr.D.N.D.1985). A technical defect in service of process was held not to deprive the bankruptcy court of in personam jurisdiction in an adversary proceeding where the defendant had received the complaint and summons and where no judgment by default had been entered. *In re Fleet*, 53 B.R. 833, 841 (Bankr.E.D.Pa. 1985).

Moreover, attempted service of a dischargeability complaint on a debtor by a method which did not comply with Bankruptcy Rule 7004 did not warrant dismissal where the plaintiff attempted to correct the discrepancy immediately after it had been disclosed, and where there was no material prejudice to the debtor. *In re Keller*, 56 B.R. 79, 81 (Bankr.N.D. Ohio 1985). Because the summons which was served upon debtor had expired, the debtor could not be considered properly before the court, and thus the clerk was directed to issue and the plaintiff required to serve an alias summons. *Id.* Furthermore, in view of lack of prejudice to the defendant, an oral motion to amend process was granted and the debtor was allowed the opportunity to effect service on the proper official. *In re Regal Const. Co.*, 18 B.R. 353, 355 (Bankr. D.Md.1982). The court held that dismissal of a complaint is an improper remedy for incomplete service of process. *Id.* A showing of material prejudice is required before service of process can be found improper, and none was shown in *In re Lewis G. Johnson, Inc.*, 21 B.R. 186, 188 (Bankr. S.D.N.Y.1982).

Additionally, creditors were allowed to obtain new summons and serve same upon debtors in an adversary proceeding in accordance with Bankruptcy Rule 7004(b)(9) where no rights of the debtors were affected by requiring further service of process. *In re Valeu*, 53 B.R. 549, 554 (Bankr. D.N.D.1985). The original service was defective for failure to mail the debtors, in addition to their attorney, the summons and copy of the complaint. *Id.* The court found no evidence that further efforts to properly serve the summons and complaint would be futile. *Id.* In the absence of any showing by the debtor that the plaintiff intentionally delayed service or was improperly motivated to delay service of a second summons, failure to serve the second summons on the defendant within ten days of its issuance did not warrant dismissal, although the 120–day time period following filing of the complaint had passed. *In re Riposo*, 59 B.R. 563, 567 (Bankr. N.D.N.Y.1986). Furthermore, a defect in service was held not to warrant dismissal where the rights of the debtor were not materially prejudiced and where the debtor was significantly involved in the case because of his filing notices of deposition, appearing at pretrial conference, and participating in depositions. *In re Zacharias*,

60 B.R. 142, 143–144 (Bankr.N.D.Ohio 1986).

■ From the foregoing authorities the Court finds that the defect in service of process was technical and has not divested this Court of in personam jurisdiction over the Debtor. At worst, he was served with an incompletely executed copy of the summons that was issued by the Clerk, but was otherwise duly and timely served with a copy of the complaint. No prejudice or undue delay has accrued to the detriment of the Debtor by virtue thereof. He promptly retained an attorney to defend his interests before any action could be taken against him on the merits of the complaint. While perhaps he was inconvenienced by lack of all the information on the summons, the Debtor was timely served with the complaint which facially states a cause of action under section 523(a)(7).

The Court finds that the defect in service of the summons does not warrant dismissal where the rights of the Debtor are not materially prejudiced. The blanks on the summons did not preclude him from timely appearing, serving and filing a motion to dismiss before the initial status date set in the summons. The Debtor has received the essential fundamentals of procedural due process because he was served in ample time and given notice of the pendency of this proceeding, and has had an opportunity for hearing before any relief has been rendered.

■ To allow the motion and dismiss on the ground that a fully executed copy of the summons was not served on the Debtor within the ten-day period provided under Bankruptcy Rule 7004(f) would be a meaningless exercise under the foregoing authorities. As a matter of right, ARDC could have the Clerk's office issue an alias summons which could be easily served on the Debtor by mail within the time limits prescribed. Service of an alias summons and another copy of the complaint at this stage would merely increase the cost and delay the resolution of this matter. Literal compliance with the letter of Bankruptcy Rule 7004 on these facts would be at the expense of the spirit of the last sentence of Bankruptcy Rule 1001, which construes the rules to secure "the just, speedy, and inexpensive determination of every case and proceeding." Fed.R.Bankr.P. 1001. Accordingly, the Court exercises its discretion and denies the motion to dismiss. The Debtor shall answer the complaint within ten days after entry hereof.

## IV. CONCLUSION

For the foregoing reasons, the Court hereby denies the motion to dismiss the complaint in this adversary proceeding.

This Opinion is to serve as findings of fact and conclusions of law pursuant to Federal Rule of Bankruptcy Procedure 7052.

See written Order.

## ORDER

For reasons set forth in a Memorandum Opinion dated the 16th day of June, 1992, the Court hereby denies the motion to dismiss filed by the Debtor, John A. Betts, pursuant to Federal Rule of Civil Procedure 12(b). The Debtor shall answer the complaint within ten days of the entry hereof.