**In re Larry COSSIO dba Cossio Insurance Agency and Marcela Cossio, Debtors.**

**Larry COSSIO dba Cossio Insurance Agency, Appellant,**

v.

**Christopher W. CATE, Appellee.**

**BAP No. SC–93–1165–VOAs.**

**Bankruptcy No. 91–12067–A7.**

**Adv. No. 92–90042.**

United States Bankruptcy Appellate Panel, of the Ninth Circuit.

Argued and Submitted Nov. 17, 1993.

Decided Jan. 24, 1994.

John D. Rittenhouse, San Diego, CA, for Larry Cossio.

Appellee did not participate in appeal.

Before VOLINN, OLLASON, and ASHLAND, Bankruptcy Judges.

## OPINION

VOLINN, Bankruptcy Judge:

The debtor moved to vacate a default judgment of nondischargeability and dismiss the underlying complaint based on defective service of process. At issue was whether the debtor's attorney was served with a copy of the summons and complaint as required by Fed.R.Bankr.P. 7004(b)(9), which provides for service on the debtor by mailing copies of the summons and complaint to the debtor and to his attorney. The trial court found adequate service to have been effected and denied the motion. For the reasons set forth below, we AFFIRM.

### FACTS AND PROCEEDINGS BELOW

Appellants are debtors Larry Cossio, dba Cossio Insurance Agency, and Marcela Cossio (Cossio). The Notice of Commencement of Case ("the case commencement notice") issued by the clerk of the bankruptcy court states Cossio's attorney to be:

John D. Rittenhouse
Karp & Richardson
110 West "C" St., Suite 1811
San Diego, California 92101–3992

According to Rittenhouse, the above suite number is incorrect; his proper mailing address when the case was filed was Suite 1015 in care of the firm of Karp & Richardson at the same street address.[1] Rittenhouse left Karp & Richardson in December of 1991. On January 6, 1992, he opened his own practice at a new address on "B" Street. On January 23, 1992, Rittenhouse filed a substitution of attorney and a request for change of address with the bankruptcy court in Cossio's case. He did not serve notice of the change on Appellee Christopher W. Cate (Cate).

Cate holds a judgment against Cossio arising from a state arbitration award based on fraud. Cate commenced an adversary proceeding against Cossio to determine the debt nondischargeable on January 23, 1992, the same day Rittenhouse filed the substitution of attorney form that noted his new address.

Cate states that he served copies of the summons and complaint on both Cossio and Rittenhouse by first-class mail on January 24, 1992, at Cossio's address and at Ritten-

---

**1.** Rittenhouse informed the panel at oral argument that he properly stated his address in the pleadings when he filed Cossio's petition, but he has not provided these pleadings in the record. We assume arguendo that the petition reflects his correct address.

house's post-office address as they were listed on the case commencement notice and that neither service was returned by the post office. Cossio admits receipt of service; Rittenhouse contends he never received the copy mailed to him.

Cate filed a proof of service on January 24, 1992 indicating service on Cossio. This proof of service did not indicate that Rittenhouse had been served. Rittenhouse learned of the suit when Cossio informed him that he had received a summons and complaint. After hearing from Cossio regarding the adversary proceeding, Rittenhouse checked the case file in February and discovered that no proof of service had been filed regarding service on him. Rittenhouse concluded that service was defective pursuant to Rule 7004(b)(9), which requires service on the debtor's attorney of record as well as the debtor. Having made this determination, Rittenhouse decided to take no action. He did not file a notice of appearance or answer the complaint.

Cate thereafter applied for a default on March 4, 1992. Realizing that he had not as yet filed an affidavit showing service on Rittenhouse, Cate filed an amended proof of service on March 4, which included the January 24, 1992 service on Rittenhouse at Suite 1811 at the "C" Street address. Default was entered on March 10, and a default judgment was entered on August 18. After the court granted Cate his default judgment, he served a bill of costs on Cossio at Rittenhouse's new address.

On October 6, 1992, Cossio brought a motion to vacate the default judgment as void pursuant to Fed.R.Civ.P. 60(b)(4). He contended that the judgment was void because the court had acquired no personal jurisdiction over the debtor when no service on the debtor's attorney had been made. He did not invoke any other grounds under Rule 60(b).[2]

Both parties presented evidence by affidavit to support and oppose the motion. Cate presented evidence that included the original proof of service, the amended proof of service, the process server's declaration that the original omission of proof of service on Rittenhouse had been inadvertent, and a declaration by Cate's attorney that Rittenhouse had been served. Cossio presented a declaration by Rittenhouse that he did not receive service of the summons and complaint or any other papers in the proceeding until he received the bill of costs, that he had twice spoken to Cate's attorney on other business prior to January 23 and informed him of his new address during these conversations and had again communicated his new address to him during the course of the proceedings.

After hearing argument, the trial court determined that Rittenhouse had been served because the process server's amended affidavit of service was uncontroverted by other evidence. The court concluded that it had jurisdiction to enter the default judgment because service was effective and denied the motion to vacate the judgment as void. Cossio timely appealed.

## ISSUE PRESENTED

Whether the trial court committed reversible error by denying Cossio's motion to vacate the default judgment.

## STANDARD OF REVIEW

A trial court's denial of a Rule 60(b) motion is reviewed for abuse of discretion. *In re Burley*, 738 F.2d 981, 988 (9th Cir. 1984); *In re Alvarez*, 101 B.R. 176, 179 (9th Cir. BAP 1989). A court abuses its discretion if it rests its conclusion on clearly erroneous factual findings or an incorrect legal standard. *In re Hammer*, 112 B.R. 341, 345

2. Fed.R.Civ.P. 60(b). **Mistakes; Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud, etc.** On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. . . .

(9th Cir. BAP 1990), *aff'd,* 940 F.2d 524 (9th Cir.1991).

■ A trial court will necessarily abuse its discretion by failing to set aside a void judgment. Although the language of Rule 60(b)(4) appears to allow the court discretion, there is no discretion to refuse vacating a judgment if it is void. *See* 11 Charles A. Wright & Arthur R. Miller, *Federal Practice & Procedure* § 2862, n. 73 (1973). When it is found that there has been defective service of process, the judgment is void: "A person is not bound by a judgment in litigation to which he or she has not been made a party by service of process." *Mason v. Genisco Technology Corp.,* 960 F.2d 849, 851 (9th Cir.1992). The factual circumstances surrounding service of process are reviewed under the clearly erroneous standard of Fed. R.Bankr.P. 8013. Whether the default judgment was void because the court lacked personal jurisdiction over Cossio under the circumstances is reviewed de novo. *See id.*

## DISCUSSION

### I

■ Cate has not filed a brief and did not appear at oral argument. Nevertheless, the panel is not compelled to grant Cossio the relief prayed for. *See, e.g., A. Marcus, Inc. v. Farrow,* 94 B.R. 513 (N.D.Ill.1989).

■ Fed.R.Bankr.P. 7004 governs "Process, Service of Summons, Complaint." [3] Rule 7004(b) allows service by first class mail on various entities. Subsection (b)(9) governs service made by first class mail on the debtor and requires that a copy of the summons and complaint also be mailed to the debtor's attorney if he is so represented. *In*

*re Bloomingdale,* 137 B.R. 351, 354 (Bankr. C.D.Cal.1991) (when debtor is represented by counsel, he must be served in accordance with Fed.R.Bankr.P. 7004(b)(9)); *In re Terzian,* 75 B.R. 923, 925 (Bankr.S.D.N.Y.1987) ("[Fed.R.Bankr.P. 7004(b)(9)] states clearly and unequivocally that the debtor's attorney must also be served."). The parties stipulate that Cossio was properly served. Resolution of the instant appeal therefore depends on the court's determination that Rittenhouse was properly served as well. The trial court determined (1) as a fact that Cate timely served Rittenhouse at the address listed for him in the case commencement notice and (2) that this service was legally sufficient.

### II

*The question of fact.*

■ On review, the finding of fact cannot be overturned unless clearly erroneous. Fed.R.Bankr.P. 8013. The only factual issue decided by the trial court was whether the evidence supported a finding that Cate mailed the summons and complaint to Rittenhouse at the address as listed on the case commencement notice. Based on the affidavits presented to the trial court, the court found the evidence uncontroverted that Rittenhouse had been served at this address. The record supports that finding.

■ Rittenhouse contends that his affidavit denying receipt of process controverts Cate's evidence. Assuming that Rittenhouse is not mistaken as to receipt, lack of receipt does not controvert the evidence that the papers were mailed as stated. It is just as logical to assume that the papers were subsequently misdirected or not forwarded by the

3. **Rule 7004. Process; Service of Summons, Complaint.**
　(a) **Summons; Service; Proof of Service.** Rule 4(a), (b), c(2)(C)(i), (d), (e) and (g)–(j) FR Civ P applies in adversary proceedings....
　(b) **Service by First Class Mail.** In addition to the methods of service authorized by Rule 4(c)(2)(C)(i) and (d) FR Civ P, service may be made within the United States by first class mail, postage prepaid as follows:
　　　　*　　*　　*　　*　　*　　*
　(9) Upon the debtor, after a petition has been filed by or served upon the debtor and

until the case is dismissed or closed, by mailing copies of the summons and complaint to the debtor at the address shown in the petition or statement of affairs or to such other address as the debtor may designate in a filed writing and, if the debtor is represented by an attorney, to the attorney at the attorney's post-office address.

addressee, or simply misplaced or overlooked.

 A return of service executed by counsel for plaintiffs is prima facie evidence of valid service by mail under Rule 7004. *In re Betts*, 142 B.R. 819, 824 (Bankr.N.D.Ill. 1992). This evidence can be overcome only by "strong and convincing evidence." *Id.* Rittenhouse's declaration merely states he never received the summons and complaint. This declaration does not controvert the fact of mailing. Thus the court could properly find that the affidavit of Cate's process server was uncontroverted.

The court's finding that the summons and complaint had been mailed to Rittenhouse at the address listed in the case commencement notice is not clearly erroneous, even though Cossio presented evidence that service had not been actually received.

### III

*The conclusion of law.*

The requirement to serve both the debtor and his attorney originated with the 1976 amendments to the bankruptcy rules which added Fed.R.Bankr.P. 704(c)(9), the predecessor to Rule 7004(b)(9). Under prior law, service could be effected on either the debtor or his attorney. The 1976 Advisory Committee Note to Rule 704(c)(9) explained that the new method of service was added "to clarify and simplify the problems of service on the bankrupt . . . especially when the bankrupt has moved after the filing of the petition." Here we do not have a problem of a moving debtor; what is presented here is the proposition of a moving attorney.

While Rule 7004(b)(9) allows service on the debtor at the listed address until he files a change of address, the rule instructs that papers are to be mailed to the debtor's attorney "at the attorney's post-office address." Service by mail under Rule 7004(b)(9) does not require actual receipt by the person being served. Therefore, the issue is whether that service was effective when mailed to

Rittenhouse at Suite 1811. These circumstances present two questions: whether service on the debtor's attorney is effective (1) when mailed to an address listed incorrectly in the case commencement notice, and (2) when the debtor's attorney has informed the plaintiff informally of a different current address.

(1) In the normal course of events, the case commencement notice (Official Bankruptcy Form No. 9) is sent by the clerk of the bankruptcy court to the debtor, all creditors, and indenture trustees. *See* Fed. R.Bankr.P. 2002(f), Official Bankr. Form No. 9. In such course, the case commencement notice is the only notice received by creditors.[4] Because Cate was a judgment creditor of Cossio prior to the bankruptcy case, we may assume that he was duly listed on Cossio's schedules and thus received a copy of the case commencement notice from the clerk. We also may assume, and Cossio does not assert otherwise, that he and his counsel received a copy of the case commencement notice from the clerk as well, and thus had an opportunity to review and correct any defect in his attorney's address as stated in the notice.

(2) Rittenhouse declares that prior to the January 23 filing of the adversary proceeding and his change of address, he spoke with Cate's attorney's office twice on other business related to the controversy between the debtor and Cate, and left his new address and phone number. This evidence raises a question whether Rittenhouse could be properly served with original process by first-class mail at a different address.

Rittenhouse does not declare that he informed Cate's attorney during these conversations that he had substituted in as counsel in the bankruptcy case. Nor does Rittenhouse allege that he filed and served the substitution and change of address prior to commencement of the adversary proceeding. Moreover, Rittenhouse has admitted that he never formally served Cate's attorney with

---

4. As previously noted, Rittenhouse informed the panel that he stated his correct suite number, 1015, in the debtor's original petition. He could offer no explanation why the clerk would enter the incorrect suite number in the case commencement notice, but in any event, a creditor does not receive these other pleadings.

his new address, basing this inaction on his determination that service was defective.

Both of these questions require determination of the duty of an adversary to ascertain the current address of the debtor's attorney. We are of the view that the rule's requirement that the debtor file a change of address must be applied to his attorney as well, and when either a party or his attorney changes address, the rule implicitly requires diligence to provide notice of the change to those who initially received it. A requisite for satisfying the due process concerns of Rule 7004(b) is that service by first class mail affords notice reasonably calculated to provide an opportunity to be heard. *Mullane v. Central Hanover Bank & Trust, Co.*, 339 U.S. 306, 314, 70 S.Ct. 652, 657, 94 L.Ed. 865 (1950). But it would be contrary to the purpose of Rule 7004 to place a burden to serve papers at an address not of record on the debtor's adversaries. One of the main purposes of the federal bankruptcy rules of procedure since their inception in 1973 has been "to streamline bankruptcy practice...." Murphy, *The Essence of Bankruptcy Procedure*, 90 Com.L.J. 442 (1985). To this end, service by mail was permitted and has withstood constitutional challenge. *See e.g., In re Park Nursing Center, Inc.*, 766 F.2d 261 (6th Cir.1985).

In the circumstances presented here, Cate's service on Rittenhouse is reasonable. Interested parties should be entitled to rely on the information provided in the course of the bankruptcy case. *See Hammer*, 112 B.R. at 346. Rittenhouse contends that his actual notice of the adversary matter cannot substitute for proper service of process. However, this argument cuts both ways. Cate was entitled to rely on the case commencement notice, despite any purported actual notice to the contrary, until formally notified that the file had been amended. To hold otherwise would defeat the bright line application suggested by Rule 7004 by inviting satellite litigation over collateral factual issues such as those raised here.

## IV

Cossio also bases an argument on the fact that the proof of service was amended a considerable time after Rittenhouse checked the files to determine if service was proper, and claims error in the trial court's admonition to Rittenhouse at the hearing that "your reliance on the file as it was in February of '92 was misplaced." Cossio interprets this statement to imply that the court was imposing a due diligence standard on an attorney who has been improperly served. This interpretation goes beyond the court's statement.

Because Rittenhouse did not receive the summons and complaint, he assumed he had not been served and chose to wait out the proceedings. Although he had no duty to do so, by failing to check the file, he was not aware that the service was complete. However, no rule precludes amendment of proof of service. Fed.R.Civ.P. 4(g), incorporated into the bankruptcy rules by Rule 7004(a) states, "Failure to make proof of service does not affect the validity of the service." The court's admonition only informed Rittenhouse that his choice to wait out the proceedings was a risk. Cossio's argument is misplaced. The court did not impose unlawful standards of behavior on Rittenhouse.

Fed.R.Civ.P. 4(h) allows amendment of proof of service at any time unless it clearly appears that material prejudice would result. As the court below implied, a party who chooses to risk a course of inaction based on his own determination of the circumstances of service imposes a duty on himself to track the docket. The liberal policy to set aside a default judgment to allow adjudication of the merits of a claim is not offended when a defendant chooses to forego his opportunity to adjudicate in reliance on a strategy that subsequently proves mistaken.

Cossio's position might have been more persuasive to the court under another subsection of Rule 60(b). Since a party has no duty to correct an adversary's fatal mistake, Rittenhouse cannot be faulted for his inaction in waiting out the proceeding. Whether the default might have been set aside as the result of surprise or excusable neglect under Rule 60(b)(1) or (6), however, is not before us. Cossio invoked only Rule 60(b)(4) regarding void judgments in his motion to vacate, and therefore waived consideration of

other issues by the court below and on appeal.

## CONCLUSION

An attorney's address as reflected in the case commencement notice is sufficient to lead a reasonable person to conclude that the address is proper for receipt of service of process until a correction is served, regardless of information to the contrary received by other means. The judgment was not void on the basis of defective service, and the order denying vacation of the judgment is therefore AFFIRMED.