In re Jerry VAN METER and Geraldine Van Meter, Debtors.

James KACZMARCZIK, Appellant,

v.

Jerry VAN METER and Geraldine Van Meter, Appellees.

BAP No. WW 94–1501–AsHJe.
Bankruptcy No. 92–34003.
Adv. No. 92–35304T.

United States Bankruptcy Appellate Panel of the Ninth Circuit.

Argued and Submitted September 22, 1994.

Decided Nov. 3, 1994.

Philipp Serrin, Seattle, WA, for appellant.

Desa Gese Conniff, Tacoma, WA, for appellees.

Before ASHLAND, HAGAN and JELLEN[1], Bankruptcy Judges.

## OPINION

ASHLAND, Bankruptcy Judge:

James Kaczmarczik filed an adversary proceeding against Jerry and Geraldine Van Meter, the debtors. Kaczmarczik mailed the complaint and summons to the Van Meters, and concurrently filed the same. As a result, the Van Meters received an unfiled complaint and an unissued summons. The Van Meters were never served with a filed complaint or an issued summons. Recognizing that they were improperly served, the Van Meters never appeared in court on this matter and allowed a default judgment to be entered against them. Several months later, the Van Meters filed a motion under Federal Rule of Civil Procedure § 60(b) to vacate the default judgment and to dismiss the complaint. This motion was granted. Kaczmarczik appeals the vacation of the judgment and the dismissal of the complaint. We affirm.

## STATEMENT OF FACTS

Jerry and Geraldine Van Meter filed a Chapter 7 bankruptcy petition on September 11, 1992. On December 4, 1992 James Kaczmarczik filed an adversary complaint to determine non-dischargeability of debt, and sent an unfiled copy of the complaint and an unissued summons to the Van Meters and the Van Meters' counsel that same day. The crux of the complaint was to determine the dischargeability of a debt which was incurred due to the Van Meters' fraudulent actions, for which Jerry Van Meter has been criminally convicted and incarcerated. The summons and notice of pre-trial conference were issued on December 11, 1992.

After receiving the unfiled complaint and unissued summons, the Van Meters began negotiations with Kaczmarczik, working toward resolution of the adversary proceeding. These negotiations broke down and the Van Meters mailed Kaczmarczik a letter indicating a lack of interest in continuing those negotiations.

The Van Meters never received a copy of the filed complaint or of the issued summons and, thus, were not notified of the return date or hearing date. The Van Meters decided that since they had never received a copy of the filed complaint or issued summons, it was not necessary to respond to the complaint. The Van Meters never filed an answer to the complaint nor a notice of appearance. The bankruptcy court entered an order of default and default judgment of nondischargeability at a pretrial hearing on March 18, 1993, in part based upon the representation of Kaczmarczik that a copy of the filed complaint and issued summons were served on the Van Meters. This affidavit was filed prior to the order of default and default judgment of nondischargeability. The default was entered during the 120 days following the filing of the complaint.

On October 4, 1993 the Van Meters filed a motion to set aside the default judgment and to dismiss the complaint. On April 12, 1994 the bankruptcy court conducted a hearing and determined that in fact Kaczmarczik had never served the filed complaint or the issued summons on the Van Meters, despite Kaczmarczik's representation to the contrary

1. Honorable Edward D. Jellen, Bankruptcy Judge for the Northern District of California, sitting by designation.

at the time of the default judgment hearing. On April 28, 1994 the court entered an order setting aside the default judgment and dismissing the complaint. Kaczmarczik timely appealed.

## ISSUES PRESENTED

Whether the bankruptcy court erred in vacating a default judgment entered in the adversary proceeding, when there was improper service of the summons and the complaint.

Whether the bankruptcy court erred in dismissing a complaint for failure to serve a copy of the filed complaint and issued summons within 120 days of filing.

## STANDARD OF REVIEW

■ A bankruptcy court's ruling on a FRCP § 60(b) motion is reviewed for an abuse of discretion. *In re Cossio,* 163 B.R. 150, 153 (9th Cir. BAP 1994); *In re Hammer,* 112 B.R. 341, 345 (9th Cir. BAP 1990), *aff'd,* 940 F.2d 524 (9th Cir.1991); *In re Burley,* 738 F.2d 981, 988 (9th Cir.1984); *In re Alvarez,* 101 B.R. 176, 179 (9th Cir. BAP 1989).

■ The bankruptcy court abuses its discretion if it rests its conclusion on clearly erroneous factual findings or an incorrect legal standard. *Hammer,* 112 B.R. at 345; *S.E.C. v. Carter Hawley Hale Stores, Inc.,* 760 F.2d 945, 947 (9th Cir.1985). A bankruptcy court will necessarily abuse its discretion if it fails to set aside a void judgment. *Cossio,* 163 B.R. at 153.

## DISCUSSION

### A. Setting the default judgment aside.

■ 1. Failure to effectuate service renders the judgment void.

■ A person is not bound by a judgment in a litigation to which he or she has not been made a party by service of process. *Cossio,* 163 B.R. at 154, *citing, Mason v. Genisco Technology Corp.,* 960 F.2d 849, 851 (9th Cir.1992), *citing, Yniguez v. Arizona,* 939 F.2d 727, 735 (9th Cir.1991) *quoting, Hansberry v. Lee,* 311 U.S. 32, 40, 61 S.Ct. 115, 117, 85 L.Ed. 22 (1940). Although

FRCP 60(b)(4) appears to allow the bankruptcy court discretion, there is no discretion to refuse to vacate a judgment if it is void. *Cossio,* 163 B.R. at 154, *citing,* 11 Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* 2862, n. 73 (1973). Hence, if Kaczmarczik failed to serve the Van Meters properly, the default judgment is void. *See,* *Yniguez,* 939 F.2d at 735.

■ A default judgment entered when there has been no proper service of the complaint is void, and should be set aside. *In re Campbell,* 105 B.R. 19, 21 (9th Cir. BAP 1989). *See, Gold Kist, Inc. v. Laurinburg Oil Co.,* 756 F.2d 14, 19 (3d Cir.1985). *See also, Combs v. Nick Garin Trucking,* 825 F.2d 437, 442 (D.C.Cir.1987); *Recreational Properties, Inc. v. Southwest Mortg. Service Corp.,* 804 F.2d 311, 314 (5th Cir.1986). The debtors were never served and therefore had no obligation to file a response complaining of the defect. *Campbell,* 105 B.R. at 21. *See, In re Harlow Properties, Inc.,* 56 B.R. 794, 799 (9th Cir. BAP 1985).

■ Reversing the decision below requires us to find both the decision to vacate was discretionary and the bankruptcy court abused its discretion. A bankruptcy court can deny a FRCP 60(b) motion to vacate a default judgment if (1) the defendant's culpable conduct led to the default, (2) the defendant has no meritorious defense, or (3) the plaintiff would be prejudiced if the judgment is set aside. *Hammer,* 112 B.R. at 345; *Meadows v. Dominican Republic,* 817 F.2d 517, 521 (9th Cir.1987). This three part test is disjunctive. *Cassidy v. Tenorio,* 856 F.2d 1412, 1415 (9th Cir.1988). There is no discretion unless one of these three exceptions exists. Kaczmarczik has the burden of showing that one of these exceptions is present.

■ A party's conduct is culpable if he has received actual or constructive notice of the filing of the action and failed to answer the complaint. *Gregorian v. Izvestia,* 871 F.2d 1515, 1523 (9th Cir.1989), *cert. denied,* 493 U.S. 891, 110 S.Ct. 237, 107 L.Ed.2d 188 (1989). Kaczmarczik acknowledges that there was no actual notice. The *Hammer* court held that mailing to the address of record pursuant to Federal Rule of Bank-

ruptcy Procedure 7004(b)(9) provided constructive notice to the debtor, since the debtor left no forwarding address. The culpable conduct in *Hammer* was the failure to leave a forwarding address. *Hammer*, 940 F.2d at 526. In the instant case, the debtor is in no way responsible for Kaczmarczik's failure to effectuate service.

■■■ A default judgment can be vacated if there exists a meritorious defense. While Van Meter has not asserted a meritorious defense, Kaczmarczik has not provided sufficient facts for us to determine that finding the possibility of a meritorious defense would be an abuse of discretion.

Kaczmarczik has not argued prejudice, except from the standpoint of being time barred from filing another adversary proceeding. Since this discussion concerns vacating the default judgment, the discussion of the sufficiency of that prejudice will be included with the discussion of the dismissal. To the extent that we evaluate the grounds to make the vacation of the default judgment discretionary, we affirm.

2. *Betts* is distinguishable.

Kaczmarczik cites to *In re Betts*, 142 B.R. 819 (Bankr.N.D.Ill.1992), for the proposition that the service of an unfiled summons is not grounds for dismissal. In *Betts*, the parties timely filed the complaint, and served a filed copy upon the defendant. The sole defect was the plaintiff's failure to serve an issued summons along with the filed complaint. In *Betts*, the court noted that immediate reissuance of the summons was possible pursuant to FRBP 7004(f), so the expiration of the ten day window to serve the summons was primarily procedural. Simultaneous service of the complaint and summons is not required. *Betts*, 142 B.R. at 825. In *Betts*, the court couched the ruling in terms of the particular facts before the court.

> To allow the motion and [to] dismiss on the ground that a fully executed copy of the summons was not served on the Debtor within the ten-day period provided under Bankruptcy Rule 7004(f) would be a meaningless exercise under the foregoing authorities. As a matter of right, ARDC could have the Clerk's office issue an alias summons which could be easily served on the Debtor by mail within the time limits prescribed. Service of an alias summons and another copy of the complaint at this stage would merely increase the cost and delay the resolution of this matter. Literal compliance with the letter of Bankruptcy Rule 7004 on these facts would be at the expense of the spirit of the last sentence of Bankruptcy Rule 1001, which construes the rules to secure "the just, speedy, and inexpensive determination of every case and proceeding." Federal Rule of Bankruptcy Procedure (FRBP) 1001.

*Betts*, 142 B.R. at 826.

Kaczmarczik attempts to apply *Betts* to distinguishable facts and circumstances. *Betts* is a decision which is based upon judicial economy where the only effect of granting the requested relief is to have another summons issued and the subsequent summons will be issued as a matter of right. If Kaczmarczik were to have properly served the complaint, with the sole defect being that of an unissued summons, then this case might fall within *Betts*.

■■■ However, where the respondent never receives a filed copy of the complaint, the respondent has not been given notice of a pending case. Rather, the only information which could be garnered with certainty from the receipt of an unfiled complaint is that a lawsuit was being contemplated and the nature of the allegations contained within that proposed lawsuit. The receipt of such a complaint might act as a warning, or a "shot across the bow," designed to show the seriousness of the adversary's allegations. The receipt of such a complaint could quite possibly instigate negotiations, as it may have in this case. However, to hold that this service of the complaint is valid to trigger an answer or denial would be to require the respondent to defend a lawsuit which might never have actually been filed. This is clearly beyond the scope of the *Betts* decision.

**B. Dismissing the complaint for failure to timely serve the summons and complaint.**

■■■ The service of a summons is the procedure by which a court asserts jurisdic-

tion over the party being served. *Campbell,* 105 B.R. at 21, *citing, Mississippi Publishing Corp. v. Murphree,* 326 U.S. 438, 444–445, 66 S.Ct. 242, 245–46, 90 L.Ed. 185 (1946); *In re Horob,* 54 B.R. 693, 696 (Bankr. D.N.D.1985); *In re Valeu,* 53 B.R. 549, 553 (Bankr.D.N.D.1985). "Even receipt of actual notice does not remedy the technically defective service through which the court fails to obtain personal jurisdiction." *Horob,* 54 B.R. at 696; *Valeu,* 53 B.R. at 553. Without jurisdiction, the bankruptcy court could not properly issue the default judgment, and it is therefore void and the case should be dismissed.

FRCP 4(j) is applicable to adversary proceedings through FRBP 7004(a). We note that FRCP 4(j) was amended effective December 1, 1993. However, FRBP 7004 requires us to apply the FRCP 4 "in effect on January 1, 1990, notwithstanding any amendment to Rule 4 ... subsequent thereto." The applicable FRCP 4(j) provides:

> Summons: Time Limit for Service. If a service of the summons and complaint is not made upon a defendant within 120 days after filing of the complaint and the party on whose behalf such service was required cannot show good cause why such service was not made within that period, the action shall be dismissed as to that defendant without prejudice upon the court's own initiative with notice to such party or upon motion. This subdivision shall not apply to service in a foreign country pursuant to subdivision (i) of this rule.

FRCP 4(j).

■ Statutory analysis begins with the plain meaning of the statute. Since Kaczmarczik failed to serve the Van Meters within 120 days *after* filing the complaint, the action *shall be dismissed.* Kaczmarczik did not argue to the bankruptcy court, and does not assert in this appeal, that he has demonstrated "good cause" for his failure to effect timely service in accordance with FRCP 4(j).

■ Kaczmarczik should have taken steps to assure that service was proper, since the plaintiff or the plaintiff's attorney is responsible for the service of the summons and the complaint. FRCP 4(a) and FRBP 7004(a). *Lovelace v. Acme Markets, Inc.,* 820 F.2d 81, 83 (3rd Cir.1987), *cert. denied,* 484 U.S. 965, 108 S.Ct. 455, 98 L.Ed.2d 395 (1987). When the expiration of the 120 day period approaches, Kaczmarczik must take adequate measures to assure that proper service was made, including verifying if necessary. *Lovelace,* 820 F.2d at 84.

■ In effect, Kaczmarczik is asking us to balance the hardship of having the case dismissed, without the possibility of refiling, against the policy of FRCP 4(j) of moving cases promptly through the courts. But Congress balanced these considerations when it enacted FRCP 4(j), which provides that courts "shall" dismiss a complaint served over 120 days after its filing, unless good cause for untimely service has been shown. *Wei v. Hawaii,* 763 F.2d 370, 372 (9th Cir. 1985). Congress mandated the dismissal under the circumstances present. *Lovelace,* 820 F.2d at 84, (*quoting,* 128 Cong.Rec. H9848, 9850 (daily ed. Dec. 15, 1982), reprinted in 1982 U.S.Code Cong. & Admin.News 4434, 4444). This dismissal was clearly not an abuse of discretion.

### CONCLUSION

The bankruptcy court correctly determined that the default judgment was void. The dismissal was mandated by Congress. We find no abuse of discretion, and affirm.