In re James Thomas RUSHTON, Jr. and Dorothy Newman Rushton, Debtors.

Conseco Finance Servicing Corp. Inc., Movant,

v.

James Thomas Rushton, Jr. and Dorothy Newman Rushton, Debtors and Barnee C. Baxter, Chapter 13 Trustee, Respondents.

No. 01–10218.

United States Bankruptcy Court, S.D. Georgia, Augusta Division.

Aug. 21, 2002.

Lee Ringler, Augusta, GA, for debtor.

Barnee C. Baxter, Augusta, GA, trustee.

### ORDER

JOHN S. DALIS, Chief Judge.

Conseco Finance Servicing Corporation (hereinafter "Conseco") by motion seeks to vacate this Court's order disallowing its claim for $12,094.44. James and Dorothy Rushton (hereinafter "Debtors") oppose Conseco's motion. Conseco asserts that service of Debtors' objection was improper because Debtors failed to send notice to Conseco's counsel as per its request for notices. Because Debtors failed to serve their objection in accordance with Bankruptcy Rule 7004(b)(3) [1], Conseco's motion is granted and my earlier determination at hearing in Debtor's favor is withdrawn.

The facts are as follows. Debtors filed for Chapter 13 bankruptcy relief on January 23, 2001. Conseco was listed as a secured creditor for $12,017.80 on Debtors' schedules. On April 26, 2001, Conseco moved for stay relief and filed an entry of appearance and request that notices be sent to Conseco's attorney, Thomas Kenney of Kenney & Solomon, P.C. The request for notices reads as follows:

> COMES NOW, THOMAS S. KENNEY, of the firm of KENNEY & SOLOMON, P.C., and files this Entry of Appearance as attorney for CONSECO FINANCE SERVICING CORP., a creditor and party in interest in the above-styled case, and requests receipt of all notices and orders entered in this case.

This request for notices was mailed on April 25, 2001 to the Debtors' attorney, Lee Ringler, and the Chapter 13 trustee, Barnee Baxter. No copy was forwarded to the United States Trustee.

On August 31, 2001, Conseco filed a proof of claim listing an unsecured debt of

---

1. Bankruptcy Rule 7004(b)(3) states in pertinent part:

   (b) Service by first class mail

   Except as provided in subdivision (h), in addition to the methods of service authorized by Rule 4(e)–(j) F.R.Civ.P., service may be made within the United States by first class mail postage prepaid as follows:

   (3) Upon a domestic or foreign corporation or upon a partnership or other unincorporated association, by mailing a copy of the summons and complaint to the attention of an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process and, if the agent is one authorized by statute to receive service and the statute so requires, by also mailing a copy to the defendant.

$12,094.44. Under the block titled "Name and Addresses Where Notices Should be Sent," the following was listed:

Conseco Finance Servicing Corp.
332 Minnesota Street, Suite 520
St. Paul, MN 55101

The proof of claim was signed by Mr. Kenney and showed the name and address of his law firm in the signature block. Debtors objected to Conseco's proof of claim on September 28, 2001. Upon the filing of the objection, the Clerk of this Court issued to Debtor's Counsel a "Notice of Objection to Claim" requiring service of the notice with the objection to claim. The notice provides:

*NOTICE OF OBJECTION TO CLAIM*

Movant has objected to your claim filed in this bankruptcy case.

*Your claim may be reduced, modified or eliminated.* You should read these papers carefully and discuss them with your attorney. If you do not have any attorney, you may wish to consult one. If you have legal grounds to oppose the objection, of if you wish the court to consider your views on the objection, you must file a written request for a hearing with the Clerk of the Bankruptcy Court before the expiration of thirty (30) days from the date stated in the certificate of service.

If you mail your request for hearing to the court, you must mail it early enough so that it will be received within the time referenced above.

Any request for a hearing must also be mailed to the moving party and all other persons indicated in the certificate of service attached to these pleadings.

If a timely request for hearing is filed, you will receive a notice of the date, time and place of hearing.

If you or your attorney do not take these steps, the court will decide that you do not oppose the objection to your claim. . . .

The objection and notice were mailed to Conseco on September 25, 2001 at the same address listed on the proof of claim. The certificate of service failed to identify a person to whom the objection was sent. Conseco failed to respond and I entered an order disallowing its claim on December 19, 2001.

Conseco attempted to amend its proof of claim on February 19, 2002. The information listed in the name and address block of the form were the same as the previous proof of claim. This "amended" proof of claim was also signed by Mr. Kenney with the name and address of his law firm in the signature block. On March 25, 2002, Conseco moved for this Court to reconsider the order disallowing its claim. According to Conseco, Debtors should have sent notice of their objection to Conseco's attorney of record as per its request for notices. Conseco's motion was denied at hearing on May 6, 2002.

■ Under 11 U.S.C. § 502(j)[2] and

**2.** 11 U.S.C. § 502 states in pertinent part:

(j) A claim that has been allowed or disallowed may be reconsidered for cause. A reconsidered claim may be allowed or disallowed according to the equities of the case. Reconsideration of a claim under this subsection does not affect the validity of any payment or transfer from the estate made to a holder of an allowed claim on account of such allowed claim that is not reconsidered, but if

a reconsidered claim is allowed and is of the same class as such holder's claim, such holder may not receive any additional payment or transfer from the estate on account of such holder's allowed claim until the holder of such reconsidered and allowed claim receives payment on account of such claim proportionate in value to that already received by such other holder. This subsection does not alter or modify the trustee's right to recover

Bankruptcy Rule 3008[3], the Court may reconsider for cause a disallowed claim. Conseco argues that the Court should withdraw its order disallowing its claim because Debtors failed to send notice of their objection to its attorney as per its request for notices. However, counsel's request for notice applies to notices under Bankruptcy Rule 2002 with specific procedure set out in Local Bankruptcy Rule 2002-1[4]. See generally Bankruptcy Rule 2002(g)[5]. Bankruptcy Rule 2002 does not apply to service of an objection to claim.[6] *Boykin v. Marriott International, Inc. (In*

from a creditor any excess payment or transfer made to such creditor.

3.  Bankruptcy Rule 3008 states:

A party in interest may move for reconsideration of an order allowing or disallowing a claim against the estate. The court after a hearing on notice shall enter an appropriate order.

4.  Southern District of Georgia Local Bankruptcy Rule 2002–1(b) provides:

Any party in interest who desires that its address for notices be changed from the address shown on any proof of claim, request for notice, or other pleading previously filed by such party must file such request with the Clerk and serve a copy of same on debtor's attorney, the United States Trustee, and the case Trustee... A party shall not be entitled to notice at the new address in the absence of complete compliance with this rule.

5.  Prior to December 1, 2001, Bankruptcy Rule 2002(g) stated:

(g) Addresses of Notices
All notices required to be mailed under this rule to a creditor, equity security holder, or indenture trustee shall be addressed as such entity or an authorized agent may direct in a filed request; otherwise, to the address shown in the list of creditors or the schedule whichever is filed later. If a different address is stated in a proof of claim duly filed, that address shall be used unless a notice of no dividend has been given.
Effective December 1, 2001, Bankruptcy Rule 2002(g) was revised as follows:
(g) Addressing Notices
(1) Notices required to be mailed under Rule 2002 to a creditor, indenture trustee, or equity security holder shall be addressed as such entity or an authorized agent has directed in its last request filed in the particular case. For the purposes of this subdivision—
(A) a proof of claim filed by a creditor or indenture trustee that designates a mailing address constitutes a filed request to mail notices to that address, unless a notice of no dividend has been given under Rule 2002(e) and a later notice of possible dividend under Rule 3002(c)(5) has not been given; and
(B) a proof of interest filed by an equity security holder that designates a mailing address constitutes a filed request to mail notices to that address.
(2) If a creditor or indenture trustee has not filed a request designating a mailing address under Rule 2002(g)(1), the notices shall be mailed to the address shown on the list of creditors or schedule of liabilities, whichever is filed later. If an equity security holder has not filed a request designating a mailing address under Rule 2002(g)(1), the notices shall be mailed to the address shown on the list of equity security holders.
(3) If a list or schedule filed under Rule 1007 includes the name and address of a legal representative of an infant or incompetent person, and a person other than that representative files a request or proof of claim designating a name and mailing address that differs from the name and address of the representative included in the list or schedule, unless the court orders otherwise, notices under Rule 2002 shall be mailed to the representative included in the list or schedules and to the name and address designated in the request or proof of claim.

6.  Even if Rule 2002(g) applied, service on the address on the proof of claim would still be proper. The previous version of Rule 2002(g), effective through December 1, 2001, states that notices "shall be addressed as such entity ... may direct in a filed request" unless the proof of claim provides a different address, in which case that address is to be used provided that a notice of no dividend has not been filed. In the instant case, the proof of claim contained an address different from that on the request for notices; therefore any 2002(g) notices are to be addressed to the address designated in the proof of claim.

re Boykin), 246 B.R. 825, 828–29 (Bankr. E.D.Va.2000); *see also Sta–Rite Industries, Inc. v. Stembridge (In re Stembridge)*, 2000 WL 33740248, *2 (Bankr. M.D.Ga.2000). The request for notices entitles Conseco's attorney to receive Rule 2002 notices; but it does not designate the attorney to receive service of process in a contested matter on Conseco's behalf nor to receive a "complimentary copy" of every pleading.

The procedure for a claim objection is governed by Bankruptcy Rule 3007, which provides:

> An objection to the allowance of a claim shall be in writing and filed. A copy of the objection with notice of the hearing thereon shall be mailed or otherwise delivered to the claimant, the debtor or debtor in possession and the trustee at least 30 days prior to the hearing. If an objection to a claim is joined with a demand for relief of the kind specified in Rule 7001, it becomes an adversary proceeding.

Additionally, an objection to claim is a contested matter subject to Bankruptcy Rule 9014 [7], which requires motions to be served in accordance with Bankruptcy

Rule 7004. *United States v. Archer (In re Archer)*, Chapter 13 Case No. 92–60571 slip op. at 3 (Bankr.S.D. Ga. Statesboro Division, September 30, 1993) (J. Dalis). Bankruptcy Rules 3007 and 9014 must therefore be read together. Bankruptcy Rule 7004 also allows for service of process by mail. Under Bankruptcy Rule 7004(b)(3), a corporate defendant may be served:

> ...by mailing a copy of the summons and complaint to the attention of an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process and, if the agent is one authorized by statute to receive service and the statute so requires, by also mailing a copy to the defendant.

Bankruptcy Rule 7004(b)(3), while specifying to whose attention service must be sent, does not specify which address must be used. Furthermore, although Bankruptcy Rule 7004 requires service on attorneys for certain categories of defendants, no such additional service is required for a corporate defendant. For example, Bankruptcy Rule 7004(b)(9) [8] requires service not only on debtor but on debtor's attorney, and Bankruptcy Rule 7004(h) [9] states

---

7. Bankruptcy 9014 states in pertinent part:

   In a contested matter in a case under the Code not otherwise governed by these rules, relief shall be requested by motion, and reasonable notice and opportunity for hearing shall be afforded the party against whom relief is sought. No response is required under this rule unless the court orders an answer to a motion. The motion shall be served in the manner provided for service of a summons and complaint by Rule 7004, and, unless the court otherwise directs, the following rules shall apply: 7021, 7025, 7026, 7028–7037, 7041, 7042, 7052, 7054–7056, 7064, 7069, and 7071. The court may at any stage in a particular matter direct that one or more of the other rules in Part VII shall apply.

8. Bankruptcy Rule 7004(b)(9) states:
   (b) Service by first class mail

Except as provided in subdivision (h), in addition to the methods of service authorized by Rule 4(e)–(j) F.R.Civ.P., service may be made within the United States by first class mail postage prepaid as follows:

   *   *   *   *   *   *

(9) Upon the debtor, after a petition has been filed by or served upon the debtor and until the case is dismissed or closed, by mailing a copy of the summons and complaint to the debtor at the address shown in the petition or statement of affairs or to such other address as the debtor may designate in a filed writing and, if the debtor is represented by an attorney, to the attorney at the attorney's post-office address.

9. Bankruptcy Rule 7004(h) states in pertinent part:

that in cases where an attorney has appeared on behalf of an insured depository institution, that attorney is to be served. Had the rule drafters intended for a corporate defendant's counsel to receive service they would have explicitly so stated.[10]

■ An objection to a proof of claim of a corporate claimant under Rules 3007 and 7004(b)(3) may be sent to the address on the proof of claim. When perfecting service under Bankruptcy Rule 7004(b)(3), plaintiffs may rely on the address listed on a creditor's proof of claim. *Ms. Interpret v. Rawe Druck-und-Veredlungs–GMBH (In re Ms. Interpret)*, 222 B.R. 409, 415 (Bankr.S.D.N.Y.1998). Bankruptcy Rule 3007 requires that a copy of the objection be sent to the *claimant* at claimant's address found within the proof of claim under the heading "address where notices should be sent." In the instant case, the Debtors were correct in mailing the objection and notice of objection to Conseco's address as listed in the proof of claim. However, Debtors failed to address the objection to an officer or agent and therefore did not properly perfect service. While Debtors are not required to mail service to a named individual officer or agent, at a bare minimum service must be addressed "to the attention of an officer, a managing or general agent or to any other agent authorized by appointment or by law to receive service of process." *Schwab v. Associates Commercial Corp. (In re C.V.H. Transport, Inc.)*, 254 B.R. 331, 332 (Bankr.M.D.Pa.2000). *See also, Fleet Credit Card Services, L.P. v. Tudor (In re Tudor)*, 282 B.R. 546 (Bankr.S.D.Ga.2002) (J. Dalis).

The Debtors having failed to meet the minimum requirements for service of their objection, establishing cause to reconsider the order sustaining the objection. Conseco's motion seeking reconsideration of that order disallowing its claim is ORDERED granted. The prior ruling made in favor of the Debtors at the May 6, 2002 hearing is withdrawn. The Clerk is directed to notice hearing on the Debtors' objection to the proof of claim of Conseco Finance Servicing Corp.

(h) Service of process on an insured depository institution

Service on an insured depository institution (as defined in section 3 of the Federal Deposit Insurance Act) in a contested matter or adversary proceeding shall be made by certified mail addressed to an officer of the institution unless—

(1) the institution has appeared by its attorney, in which case the attorney shall be served by first class mail. . .

10. In *In re Lomas Financial Corporation*, the court held that Bankruptcy Rule 7004(b)(3) must be interpreted in conjunction with Bankruptcy Rule 9010, which grants attorneys authority to act on a client's behalf and requires them to file of a notice of appearance. 212 B.R. 46, 53–54 (Bankr.D.Del. 1997). According to the Lomas court, "Rule 9010 can be read as the creditor's counterpart to the debtor's Rule 7004(b)(9) right." *Id.* at 54. With all due respect, I disagree. Rule 7004(b)(9) and (h) specify those instances when an attorney is to receive service on a defendant's behalf; under the *Lomas* court's interpretation, these provisions are redundant. Furthermore, Bankruptcy Rule 9010 says nothing about an attorney's right to receive service on a client's behalf.