In re W. Goodrich HEJL d/b/a Goodrich Parking, and Goodrich Properties, Debtor.

Bankruptcy No. 7–85–00028.

United States Bankruptcy Court, W.D. Texas, Midland–Odessa Division.

May 5, 1988.

Rebecca Case, John Montez, Pakis, Cherry, Beard & Giotes, Waco, Tex., for debtor.

Christopher S. Cole, Dept. of Justice, Dallas, Tex., for IRS.

### ORDER DENYING "MOTION FOR NEW TRIAL"

R. GLEN AYERS, Jr., Chief Judge.

On this day, the Court considered the Motion for New Trial filed by the United States of America, regarding two orders entered on March 31, 1988. The first order approved an objection to the IRS's Proof of Claim and the second order approved an objection to the IRS's Request for Payment—Proof of Claim—Administrative Expense Claim.

■ Rule 3008 states, "A party in interest may move for reconsideration of an order allowing or disallowing a claim against the estate. The court after a hearing on notice shall enter an appropriate order." Local Rule 9013(g) of the Bank-

ruptcy Court for the Western District of Texas states:

"When a motion is filed which can only be authorized or granted upon notice or "after notice and hearing" as such phrase is defined in 11 U.S.C. section 102, the movant shall serve a copy or a summary of the motion upon the following parties at a minimum: 2. In a Chapter 11 case the Debtor, the twenty largest unsecured creditors ... and their respective attorneys, and any other affected party."

The Court finds that section 102 refers to " 'notice and hearing' or a similar phrase." The Court finds that the second sentence of Rule 3008 constitutes a "similar phrase."

The Court finds that the Motion for New Trial was only served on the Debtor's attorney. The Court finds that the United States did not comply Local Rule 9013. The Court finds that this motion should be denied.

 The United States contends that the Debtor had improperly served the objections to the IRS filings. Objections to claims are governed by Rule 3007 which states that the objection shall be mailed to the claimant, the debtor or debtor in possession and the trustee. The Court finds that the Debtor's objections were properly served. The United States argues that an objection to claim is a contested matter under Rule 9014 which incorporates Rule 7004. However, Rule 9014 applies "[i]n a contested matter is a case under the Code *not otherwise governed by these rules.*" (Emphasis added). The Court finds that Rule 9014 does not apply to this situation as it is "otherwise governed by these rules." The United States relies on *Matter of Simms*, 33 B.R. 792 (N.D.Ga.1983). However, that court noted that "this is an adversary proceeding" and it was governed by old Rule 704. *Id.* at 793. The current matter is not an adversary. The rules have been substantially revised, and the *Simms* case has no applicability. The United States did supply the Court with a copy of one other case from a tax reporter. However, the photocopy was so poor that it could not be read.

Rule 2002(j) states, in part, that notice is to be sent, "if the papers disclose a debt to the United States *other than taxes,* to the United States attorney ..." (Emphasis added.) Thus, Rule 2002 specifically states that separate notice to the United States attorney is not *required* in this situation. The Court concludes that the United States' contentions should be overruled. It is therefore

ORDERED that the Motion for New Trial is DENIED in its entirety.