In re STATE LINE HOTEL,
INC., Debtor.

Suzanne F. Jorgenson, Appellant,

v.

State Line Hotel, Inc.; Unsecured
Creditors' Committee,
Appellees.

BAP No. NV–04–1151–BSBu.
Bankruptcy No. BK–N–02–50085–GWZ.

United States Bankruptcy Appellate Panel
of the Ninth Circuit.

Argued by Video Conference and
Submitted on Oct. 21, 2004.

Filed March 29, 2005.

Michael C. Lehners, Reno, NV, for Suzanne F. Jorgeson.

Nellwyn Voorhies, Levene, Neale Bender, Rankin & Brill L.L.P., Los Angeles, CA, for State Line Hotel, Inc.

Before BRANDT, SMITH and BUFFORD,[1] Bankruptcy Judges.

## OPINION

BRANDT, Bankruptcy Judge.

Appellant Suzanne Jorgenson filed two (almost) identical personal injury claims in the chapter 11[2] case of State Line Casino ("State Line"), a general partnership.[3] She listed an attorney's name and office address in the space on each proof of claim form calling for the name and address to which notice should be sent, and included her own handwritten address beside her signature on the bottom of the form. Debtor filed an objection to her claims, which it mailed to the attorney's office. Jorgenson did not respond, and the bankruptcy court sustained the objection, disallowing the claim.

Several months later, after learning that her claims had been disallowed, Jorgenson moved to vacate the order disallowing the claim, arguing that it was void for inadequate service. The bankruptcy court denied the motion and Jorgenson timely appealed.

We AFFIRM.

## I.  FACTS

Jorgenson alleges that, on 12 December 2001, she was injured on State Line's premises when an escalator caught her purse and pulled her backwards, causing her to fall and strike her head. This occurred approximately one month before debtor's chapter 11 petition. No debt to Jorgenson was scheduled.

Some time after the incident, Jorgenson retained attorney Marc McLachlan in connection with her state law claims. She timely filed two almost identical proofs of claim, each on Official Form B10, prescribed by the Judicial Conference of the United States pursuant to Rule 9009, and

---

**1.**  Hon. Samuel L. Bufford, Bankruptcy Judge for the Central District of California, sitting by designation.

**2.**  Absent contrary indication, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101–1330 and all "Rule" references are to the Federal Rules of Bank-

ruptcy Procedure. "FRCP" references are to the Federal Rules of Civil Procedure.

**3.**  The cases of seven debtors, including State Line Casino, are jointly administered; the State Line Hotel, Inc. case is the lead case. For convenience, appellees are referred to in the singular.

each asserted a general unsecured claim in the amount of $1,000,000. Appearing in the box for "Name & address where notices should be sent" of each form is:

Mark C. McLachlan, Esq.

480 E. 400 S., Suite 200

S.L.C., UT 84111

(801) 521–0123

Jorgenson signed in the signature box at the bottom of each form; handwritten after her signature is "@ 426 N. 150 E., Lindon, Utah 84042." No documentation was attached in support of either claim, nor is any proof of service of either claim in the record provided to us.[4]

The parties do not dispute that, other than the proofs of claim, debtor received no other communication from Jorgenson or from counsel; McLachlan never requested to be added to the special notice list pursuant to Rule 2002(i), nor filed a notice of appearance, nor participated in the bankruptcy case. No personal injury action was filed before the proceedings in question.

In its Fourth Set of Objections to Claims (the "Objection"), debtor objected to both of Jorgenson's claims and several others. The Objection provided in part:

Claim Nos. 208 and 215 filed by Suzanne Jorgenson (the "Jorgenson Claims") ... assert identical unsecured nonpriority claims based on personal injury/wrongful death in the amount of $1 Million. Each of the Jorgenson Claims attach insufficient proof of any monies owed by the Debtors as neither attaches any supporting documentation at all. After a thorough review of the Debtors' books and records, the Debtors have determined that they have no records reflecting any basis for either of the Jorgenson Claims. Accordingly, the Debtors request that the Court disallow

Claims Nos. 208 and 215 in their entirety.

The proof of service indicates that debtor mailed the Objection to Jorgenson care of McLachlan's law office in Salt Lake City.

Jorgenson filed no response to the Objection, and on 29 April 2003, the bankruptcy court entered an order sustaining the Objection, disallowing both claims:

The Debtors' objections to Claims No. 208 and 215, general unsecured claims in the amount of $1 million each asserted by Suzanne Jorgenson against State Line Casino, are sustained. Claims No. 208 and 215 are hereby disallowed in their entirety.

McLachlan apparently first learned that Jorgenson's claims had been disallowed on 20 October 2003, on being served notice of debtor's motion to dismiss the case. An exhibit to the motion valued Jorgenson's claim at "$0.00."

Shortly thereafter, Jorgenson (with new counsel) moved to vacate the order disallowing the claims, arguing that the order is void. In McLachlan's affidavit, the only evidence in support, he stated:

1. I am an attorney for claimant Suzanne F. Jorgenson and represent her with regard to injuries sustained from a fall on an escalator located in the Stateline Hotel on or about December 12, 2001. I am an attorney licensed to practice in the State of Utah.

2. In connection with this claim, I caused to be filed a Proof of Claim, which was received and filed in this honorable court on April 11, 2002.

3. In December 2003, I learned that on February 24, 2003, the debtor, Stateline Casino, formally objected to Mrs. Jorgenson's Proof of Claim. The certificate of service shows that a copy of this

---

4. We will refer to Jorgenson's claims in the singular.

Objection was supposedly mailed to me at my business address, printed above. I have since had the opportunity to review this pleading and herein state that prior to December 2003, I have never received a copy of this Objection. I have reviewed my files and have likewise been unable to locate the copy that was purportedly sent to my attention.

4. Further I never received a copy of any Order that was apparently entered by the Court on April 29, 2003, sustaining the Debtor's subject objection. I have not located a copy of this Order after having conducted a diligent search of my files.

5. Having litigated personal injury matters in the State of Utah for 30 years, I value this claim as being worth in the range of $500,000 to $1,000,000.

Debtor responded, arguing that Jorgenson had appointed McLachlan as her counsel of record, and that McLachlan's bare affidavit is insufficient to rebut the mailbox presumption because the Objection had never been returned as undeliverable. Debtor did not contend that it had served Jorgenson herself at any address. Debtor also argued that relief should be denied for equitable reasons, as the estate had later entered into a settlement agreement with creditors and would be irreparably prejudiced by Jorgenson's delay. Finally, it argued that Jorgenson's claim was not meritorious and lacked supporting documentation.

After hearing, the bankruptcy court denied the motion, finding:

Even if I had to reach the agency theory, which I don't think I do, the proof of claim indicates who Ms. Jorgenson wanted served;

And it has the lawyer's name, it has her name care of the lawyer's address. That's it[.]

. . .

This is an objection to a claim;

And I do find that it is analogous to a civil action or an adversary proceeding;

The proof of claim sometimes can substitute as a complaint;

And we do that sometimes pursuant to local rule or even Federal Rule of Bankruptcy Procedure 3007, where the parties don't want to go through the expense . . . of an adversary about the claim. They allow the claim to stand as here it is. And then the objection is like the answer;

And . . . some of the cases that made that analogy. And I think that's a good analogy. . . .

Transcript, 2 March 2004, at 8:24—10:5.

Interpreting Rule 7004(b), the bankruptcy court further observed:

And if you're trying to tell me that you can appoint somebody to accept notice and that doesn't vest that person with the authority to accept service, frankly, I can't accept that.

*Id.* at 27:24—28:2.

Jorgenson timely appealed.

A sale of substantially all debtor's assets closed in December 2002, and debtor moved for approval of a compromise and settlement with other creditors. Under the terms of the approved settlement, $90,000 was reserved for payment in full of all allowed unsecured creditors' claims. On 14 October 2003 the bankruptcy court granted debtor's motion. Later, based on the underlying settlement, debtor moved to dismiss certain debtors, including State Line Casino, which triggered the proceedings resulting in the order on review.

Since this appeal was taken, the order approving the settlement was appealed to this panel; we reversed and remanded. *In re State Line Hotel, Inc.,* BAP No. NV–03–1523–MoHMa (9th Cir. BAP June 9,

2004). Review of the docket reflects that a plan has been confirmed and debtor's motion for final decree is now pending.

Since taking her appeal, Jorgenson moved for relief from stay to allow her to prosecute her personal injury claim in state court. The bankruptcy court granted her motion, limiting any recovery to insurance proceeds.

## II. JURISDICTION

The bankruptcy court had jurisdiction via 28 U.S.C. § 1334 and § 157(b)(1) and (2)(B), and we do under 28 U.S.C. § 158(c).

## III. ISSUES

A. Was notice of the Objection properly given?

B. Did that notice satisfy due process?

C. Was the motion to vacate the order denying Jorgenson's claim properly denied?

## IV. STANDARDS OF REVIEW

A. If service is defective, the judgment is void, and we review de novo "[w]hether a default judgment was void because the court lacked personal jurisdiction" over a defendant in an adversary proceeding. *In re Cossio*, 163 B.R. 150, 154 (9th Cir. BAP 1994), *aff'd*, 56 F.3d 70 (9th Cir.1995) (table). We review factual findings respecting service for clear error. *Id.*

B. Whether a particular procedure comports with basic requirements of due process is a question of law which we review de novo. *In re Garner*, 246 B.R. 617, 619 (9th Cir. BAP 2000).

C. We review the denial of a motion under FRCP 60(b), applicable via

Rule 9024, for abuse of discretion. *In re Van Meter*, 175 B.R. 64, 67 (9th Cir. BAP 1994); *In re Hammer*, 940 F.2d 524, 525 (9th Cir.1991). Under the abuse of discretion standard, we must have a definite and firm conviction that the bankruptcy court committed a clear error of judgment in the conclusion that it reached before reversal is proper. *In re Black*, 222 B.R. 896, 899 (9th Cir. BAP 1998).

Further:

A trial court will necessarily abuse its discretion by failing to set aside a void judgment. Although the language of Rule 60(b)(4) appears to allow the court discretion, there is no discretion to refuse vacating a judgment if it is void. When it is found that there has been defective service of process, the judgment is void: A person is not bound by a judgment in litigation to which he or she has not been made a party by service of process. The factual circumstances surrounding service of process are reviewed under the clearly erroneous standard of Fed. R. Bankr.P. 8013. Whether the default judgment was void because the court lacked personal jurisdiction over [claimant] under the circumstances is reviewed de novo.

*Cossio*, 163 B.R. at 154 (citations and internal quotations omitted).

And we may affirm on any basis fairly supported by the record. *In re Fraschilla*, 235 B.R. 449, 459 (9th Cir. BAP 1999), *aff'd*, 242 F.3d 381 (9th Cir. 2000) (table).

## V. DISCUSSION

Jorgenson conceded at argument that she could not rebut the mailbox presumption;[5] accordingly, our analysis is

5. The mailbox presumption is that mail properly addressed, stamped, and deposited in an appropriate receptacle creates a rebuttable presumption of its receipt, and service by

predicated on the factual premise that McLachlan received the Objection. Further, as noted in the dissent, she waived any argument regarding the form of the Objection; we do not address that possible issue.

Jorgenson's motion to vacate invoked FRCP 60(b)(4), applicable in bankruptcy proceedings via Rule 9024. It provides:

> On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order or proceeding for the following reasons: ...
> (4) the judgment is void; ....

Jorgenson argues that she was not represented, and had to be served as an individual "at her dwelling house or where she regularly conducts business." Opening Brief, at 3. Rule 3008 and § 502(j) provide express authority to seek reconsideration of a disallowed claim for cause, but were not raised, and we do not address them.

■ Generally, a trial court may deny a motion to vacate a default judgment if the plaintiff (here, State Line) would be prejudiced should the judgment be set aside, and if the defendant (here, Jorgenson, the claimant) has no meritorious defense (here, her claim), or if her culpable conduct led to the default. *Hammer,* 940 F.2d at 525–526.

The bankruptcy court opined that there was not a shred of evidence that Jorgenson's claim was meritorious:

> ... nobody has ever bothered to submit to me, the form of an affidavit or declaration, medical records, bills, lost wages. I don't even know her age;
>
> ...

If I'm going to set aside a final order I should be aware that there's a meritorious defense. And I'm not satisfied in that regard. And more than adequate opportunity has been provided to do that. . . .

Transcript, 2 March 2004, at 39:15–18 and 40:7–10.

■ But, as noted by Professor Moore, the showing of a meritorious claim is not necessary for relief from a void judgment:

> Indeed, the United States Supreme Court has stated that when a judgment is void because of a lack of proper service on the defendant, it is a denial of due process to require a showing of a meritorious defense as a precondition to relief from that void judgment. The case in which the United States Supreme Court made its statement involved procedures for relief from default judgments that applied in the state courts of Texas, but there is no question that the Court's constitutional holding also applies to Rule 60(b)(4) motions in federal court.

James Wm. Moore et al., 12 *Moore's Federal Practice,* ¶ 60.44[5][b] (3d ed.2004) (citing *Peralta v. Heights Med. Ctr., Inc.,* 485 U.S. 80, 84–86, 108 S.Ct. 896, 99 L.Ed.2d 75 (1988)). *See also* 11 Charles A. Wright, Arthur R. Miller & Mary K. Kane, *Federal Practice & Procedure, Civ.2d* § 2862 (1995).

We need not reach this question if the order is void for insufficient service or lack of due process, *see Cossio,* 163 B.R. at 154, which we now address:

---

mail is complete upon mailing. *See* Rule 7005; FRCP 5(b).

A presumption of receipt is established by showing of proper mailing. *Lewis v. U.S.,* 144 F.3d 1220, 1222 (9th Cir.1998); *In re De*

la Cruz, 176 B.R. 19, 22 (9th Cir. BAP 1994). Mere denial of receipt is insufficient to rebut the presumption; clear and convincing evidence is required. *In re Bucknum,* 951 F.2d 204, 206–07 (9th Cir.1991).

### A. *Was notice of the Objection properly given?*

Rule 3007, which governs the procedure for objections to claims, provides:

An objection to the allowance of a claim shall be in writing and filed. *A copy of the objection with notice of hearing thereon shall be mailed or otherwise delivered to the claimant,* the debtor or debtor in possession and the trustee at least 30 days prior to the hearing. If an objection to a claim is joined with a demand for relief of a kind specified in Rule 7001, it becomes an adversary proceeding.

(emphasis added).

Is putting an attorney's name and address in the box for designation of the notice recipient and notice address on the proof of claim form, without more, an appointment for service of an objection to that claim? State Line argues that it is authorization for service under Rule 7004(b)(8), which provides:

... it is also sufficient if a copy of the summons and complaint is mailed to an agent of such defendant authorized by appointment or by law to receive service of process ....

Service of process and notice are distinct under the bankruptcy rules, as observed in *In re Association of Volleyball Professionals,* 256 B.R. 313, 320 (Bankr.C.D.Cal. 2000):

In contrast [to notice under Rule 2002(g)], when a bankruptcy proceeding, such as an objection to a proof of claim ..., directly affects the individual rights of a specific party, the initiating motion or objection must be served on the affected party in the same manner as a summons and complaint are served pursuant to Rule 7004.

(citation omitted). The bankruptcy court there required service of a claim objection on a non-responding presumed corporation by publication.

■■■ Debtor argues Jorgenson initiated the contested matter by filing the proof of claim, so the Objection is akin to an answer, which may properly be served on counsel, citing FRCP 5, applicable via Rule 7005, and *In re Lomas Financial Corp.,* 212 B.R. 46, 55 (Bankr.D.Del.1997).

We disagree, as a claim is deemed allowed if not objected to. § 502(a). Rather, it is the objection which initiates a contested matter, governed by Rule 9014. *See In re Levoy,* 182 B.R. 827, 834 (9th Cir. BAP 1995); and *Garner,* 246 B.R. at 623. Rule 9014 provides:

(a) Motion. In a contested matter *not otherwise governed by these rules,* relief shall be requested by motion, and reasonable notice and opportunity for hearing shall be afforded the party against whom relief is sought....

(b) Service. The motion shall be served in the manner provided for service of a summons and complaint by Rule 7004. Any paper served after the motion shall be served in the manner provided by [FRCP 5(b)].

(emphasis added).

■■■ A number of other courts have concluded that an objection to a proof of claim is properly served on a corporation (under Rule 7004(b)(3)) if served on the person named on the proof of claim at the address given for notice. *In re Ms. Interpret,* 222 B.R. 409, 415 (Bankr.S.D.N.Y. 1998); *In re Rushton,* 285 B.R. 76, 81 (Bankr.S.D.Ga.2002) (following *Ms. Interpret*); *In re Village Craftsman, Inc.,* 160 B.R. 740, 745 (Bankr.D.N.J.1993). In *Ms. Interpret,* the proof of claim specified that notice should be sent to claimant "c/o" a particular law firm, and the court held that that was sufficient to designate the law firm as agent for service of process:

[I]t is evident that a party may not sign a proof of claim and then assert that it did not want notices sent to the address contained within the proof of claim. Who better than the creditor know what address it wishes used? Had [the creditor] desired some other address for service of process in the case, it had only to insert it into the proof of claim. Accordingly, I hold that [the creditor] expressly authorized [law firm] as its agent for service of process in the bankruptcy case.

222 B.R. at 415 (citations omitted). The parties have not cited, nor have we found, any authority from within this Circuit apart from *In re Association of Volleyball Professionals*, 256 B.R. 313 (Bankr. C.D.Cal.2000) which follows these cases, nor any so holding on an individual's claim.

Elaborating, the *Ms. Interpret* court also found implied authority, in the alternative:

But even if I err in this conclusion [that in the name and address box on the proof of claim was the appointment of an agent], the record plainly establishes that [the law firm] was implicitly appointed as [creditor's] agent for service of process.

. . . .

If the purported agent's activities in the forum are substantial and involve the significant exercise of independent judgment and discretion, service on the agent is valid even in the absence of express authorization to accept process.

*Id.* at 415–16 (citations omitted). And the Ninth Circuit recently decided *In re Focus Media, Inc.*, 387 F.3d 1077, 1079 (9th Cir. 2004) *cert. denied,* —— U.S. ——, 125 S.Ct. 1674, 161 L.Ed.2d 482 (2005):

[I]n an adversary proceeding in bankruptcy court, a lawyer can be deemed to be the client's implied agent to receive service of process [under Rule 7004(b)(8) ] when the lawyer repeatedly represented that client in the underlying bankruptcy case, and where the totality of the circumstances demonstrates the intent of the client to convey such authority.

There, the defendant's attorney had been "extensively involved in the underlying bankruptcy proceeding and on several occasions participated on [the defendant's] behalf." *Id.* at 1084.

Implied agency is not seriously argued in the case before us, as there were no "substantial activities or significant exercise of independent judgment and discretion" to support an implied agency theory. At most, McLachlan's office prepared and filed two proofs of claim. McLachlan neither negotiated for Jorgenson, nor communicated with the court or counsel on her behalf, nor filed anything which identifies Jorgenson as his client.

But we need not go so far to decide this appeal. The cases finding either an express or an implied appointment of the counsel named in the appropriate box on the claim form as an agent for service of process are predicated on an implicit assumption that Rule 7004 service is required. We disagree: Rule 9014(b) requires service of any motion required by Rule 9014(a) to meet Rule 7004's requirements, and Rule 9014(a) applies only to contested matters "not otherwise governed by these rules." As noted in *In re Hejl,* 85 B.R. 399, 400 (Bankr.W.D.Tex.1988), a claim objection *is* otherwise governed: Rule 3007 calls for its initiation by mailing (or otherwise delivering) a copy of the objection with a notice of hearing to the claimant. *See also In re Metro Transp. Co.,* 117 B.R. 143, 146 (Bankr.E.D.Penn. 1990) (holding that since a motion to determine claim priority is "otherwise gov-

erned" by Rules 3007 and 7001(2), Rule 9014 is inapplicable).

Contra the dissent, we do not think Rule 9014 nevertheless required the Objection to be served in accordance with Rule 7004. Subparagraph (b) of that rule, rigorously parsed, only pertains to "[t]he motion," unambiguously referring back to subparagraph (a). This was even clearer before the 2002 revision broke the unitary Rule 9014 into subparagraphs, without changing the wording of what is now (a) and (b), insofar as it pertains to this appeal (that is, the language respecting service of any required motion). Advisory Comm. Note (2002).

If a motion is not required under subparagraph (a) because the contested matter is "otherwise governed by these rules," and the other provision does not require a motion, as with respect to claims objections, Rule 9014(b) does not require Rule 7004 service. Rule 9014(b) does not mention objections.

■ Official Form B10, promulgated by the same authority as the Rules, and used here, calls for the claimant to specify to whom and where that notice should go. Jorgenson specified McLachlan at his office address. Although attorneys and agents often sign proofs of claim, Jorgenson signed the forms herself. The record does not disclose why she also wrote in her address, but that is of no moment. She had, a few inches above, expressly directed that notice be sent to her attorney, and the mailing of notice is all Rule 3007 requires. It follows that mailing the Objection as she directed was sufficient under the Rules, and the resulting order was not void.

Parenthetically, this outcome is consistent with *Focus Media*, wherein the Ninth Circuit noted:

> The critical inquiry in evaluating an attorney's authority to receive process is, of course, whether the *client acted in a manner* that expressly or impliedly indicated the grant of such authority.

*Focus Media*, 387 F.3d at 1083, quoting *Olympus Corp. v. Dealer Sales & Serv., Inc.*, 107 F.R.D. 300, 305 (E.D.N.Y.1985) (emphasis added).

Further, after finding that the attorney had appeared extensively on the client's behalf in the underlying bankruptcy case, the court noted that an agent's authority to act cannot be determined solely on the agent's actions but, rather, "authority must be established by an act of the principal." In this regard, the court found "most important" the fact that the client's own declaration "manifests the requisite evidence of authority conveyed by the principal." *Id.* at 1084. Although the pertinent rule here allows for mailed notice, rather than requiring service of process, Jorgenson explicitly directed where and to whom it should go, in contrast to impliedly authorizing her lawyer to accept it.

Although we reach a result contrary to *Volleyball Professionals* and we differ from the bankruptcy courts in the other claims objection cases discussed above, none of those courts (apart from *Hejl*) were, apparently, presented with an argument from the structure of Rules 3007 and 9014, on which our conclusion rests. Nor were we, but we are not confined to the arguments of the parties on legal issues, *In re Pizza of Hawaii*, 761 F.2d 1374, 1377 (9th Cir.1985), and may affirm on any basis supported by the record. *Fraschilla*, 235 B.R. at 459.

Nor does *Levoy* require otherwise: our opinion there reasons from the unexamined premise that Rule 7004 service is required. The implications of "not otherwise governed" in Rule 9014(a) (then Rule 9014) are not considered; the Rule is not quoted. In fairness, it appears the question was not raised. But we are not con-

strained by stare decisis from now examining the premise:

> Of course, not every statement of law in every opinion is binding on later panels. Where it is clear that a statement is made casually and without analysis, where the statement is uttered in passing without due consideration of the alternatives, or where it is merely a prelude to another legal issue that commands the panel's full attention, it may be appropriate to re-visit the issue in a later case. However, any such reconsideration should be done cautiously and rarely-only where the later panel is convinced that the earlier panel did not make a deliberate decision to adopt the rule of law it announced. Where, on the other hand, it is clear that a majority of the panel has focused on the legal issue presented by the case before it and made a deliberate decision to resolve the issue, that ruling becomes the law of the circuit and can only be overturned by an en banc court or by the Supreme Court.

*U.S. v. Johnson,* 256 F.3d 895, 915–916 (9th Cir.2001) (Kozinski, J.) (footnote omitted). *See,* to the same effect, *Miranda B. v. Kitzhaber,* 328 F.3d 1181, 1186 (9th Cir. 2003).

*Levoy* holds, 182 B.R. at 834, that Rule 9014 applies to objections to claims. We do not disagree with that statement, but, as set out above, conclude that Rule 9014 defers to Rule 3007 on the subject of claims objections: it calls for an objection, not a motion, and authorizes notice, rather than requiring service. It is *Levoy's* next offhand statement which comes within the principle explicated in the quote from *Johnson:* that claims objections must be served as Rule 7004 provides. It is almost an assumption, not entitled to precedential weight, *Sorenson v. Mink,* 239 F.3d 1140, 1149 (9th Cir.2001); there is no discussion

of the notice language of Rule 3007, which is not quoted, nor any supporting analysis respecting notice or service. We do not see a focus on the notice/service question, nor a deliberate decision to resolve the issue, in dramatic contrast to the treatment given to Rule 7004's requirements, obviously the main focus of the *Levoy* panel's energies. We take no issue with *Levoy's* analysis of Rule 7004, just to its applicability here.

**B.  *Due Process***

█ Although Jorgenson argued failure to comply with the Rules, rather than denial of due process, we observe that it requires that notice be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Central Hanover Bank & Trust Co.,* 339 U.S. 306, 314, 70 S.Ct. 652, 94 L.Ed. 865 (1950). And "[i]f the notice requirement of the due process clause is not satisfied, the order is void." *In re Ex–Cel Concrete Co.,* 178 B.R. 198, 203 (9th Cir. BAP 1995); likewise, *In re Loloee,* 241 B.R. 655, 661 (9th Cir. BAP 1999) and *In re Villar,* 317 B.R. 88, 94 (9th Cir. BAP 2004).

We do not see how notice given as Jorgenson specified fails these requirements.

**C.  *Meritorious defense?***

█ Because the Objection was properly served and there was no violation of due process, the normal requirements for setting aside a judgment (to which, by operation of Rule 9014, the order sustaining it was analogous) govern. As we noted at the beginning of our analysis, a court may properly decline to vacate when no meritorious defense (here, claim) is shown. The bankruptcy court found that was the case here. Jorgenson has not challenged that finding, and we see nothing in the

record indicating she made any showing whatsoever respecting the merits of her claim. Accordingly, the Objection was properly sustained, and the motion to vacate properly denied.

## VI.   CONCLUSION

Bankruptcy estates receive hundreds of claims, as here, and thousands or hundreds of thousands in very large cases, from across the nation and beyond. The result here is neither harsh nor unfair: the designation of a recipient for notice is uniquely in the claimant's control, and debtors, trustees, and other creditors cannot reasonably be required to expend the effort and incur the expense of finding claimants who may be out of state or anywhere in the world. Following the claimant's explicit direction on the claim form comports with the Rules and due process, promotes economy (in most instances, other creditors bear the expense of claims objections), and efficiency for parties and courts alike.

The serendipitous inclusion of Jorgenson's address on her claim form does not support a contrary ruling—neither debtor nor anyone else should have to second-guess her express designation.

As State Line noticed Jorgenson of its Objection to her claim as she had directed, its service complied with the Rules and satisfied due process. And as she has not shown a meritorious basis for her claim, the bankruptcy court properly denied her motion to vacate the order disallowing it. AFFIRMED.

BUFFORD, Bankruptcy Judge, dissenting.

I disagree with the majority's view that State Line properly served its objection on Ms. Jorgenson in this case. I concur with Parts I–IV, and approximately the first half of Part V. I disagree with the majority's views expressed in the last four paragraphs of subpart A of part V, and with subparts B and C.

### I.   Statutory Framework — § 502

Analysis of the law governing an objection to claim begins with § 502, which provides in relevant part:

> (a) A claim ... proof of which is filed under section 501 of this title, is deemed allowed, unless a party in interest ... objects.

> (b) ... [I]f such objection to a claim is made, the court, after notice and a hearing, shall determine the amount of such claim ....

It is uncontested that, as debtor in possession, State Line is a qualified party in interest, and that it filed an objection to Ms. Jorgenson's claim.

### II.   Applicable Bankruptcy Rules

Three bankruptcy rules, adopted pursuant to the foregoing statute (*inter alia*) are at issue in this litigation: Rules 3007, 7004 and 9014.

#### A.   Rule 9014

It is common ground that the filing of a claim objection commences a contested matter, and that Rule 9014 applies to claim objections. Rule 9014 provides in relevant part:

> (a) **Motion.** In a contested matter not otherwise governed by these rules, relief shall be requested by motion, and reasonable notice and opportunity for hearing shall be afforded the party against whom relief is sought....

> (b) **Service.** The motion shall be served in the manner provided for service of a summons and complaint by Rule 7004.

Rule 9014 goes on to provide that a number of specified rules for adversary proceedings (the rules in Part VII of the Federal Rules of Bankruptcy Procedure) apply to contested matters (except as the

court may otherwise order), and to provide for the attendance and testimony of witnesses.

Rule 9014(a) provides that it is not applicable if the contested matter is "otherwise governed by these rules . . . ." The majority holds (correctly, in my opinion) that objections to claims are "otherwise governed" by the Federal Rules of Bankruptcy Procedure, and specifically by Rule 3007. However, I differ with the majority on the extent to which objections to claims are so "otherwise governed."

Rule 9014(a), as I read it, provides the applicable rule for two subjects arising in contested matters: the form that the request for relief must take (a motion), and the nature of notice to the opponent ("reasonable notice and opportunity for hearing"). These are the matters that, in my view, are "otherwise governed" by Rule 3007. Thus, for a claim objection, the form of a claim objection and the nature of notice to the opponent are governed by Rule 3007.

## B. Rule 3007

Rule 3007 provides in relevant part:

An objection to the allowance of a claim shall be in writing and filed. A copy of the objection with notice of the hearing thereon shall be mailed or otherwise delivered to the claimant . . . at least 30 days prior to the hearing.

This rule provides that the proper pleading is an objection rather than a motion. My disagreement with the majority concerns whether this rule also provides how a claim objection should be served.

## C. Relationship between Rules 9014 and 3007

The majority and I part company on the applicability of Rule 9014(b) to claims objections. The "not otherwise governed" language is contained only in subpart (a). It is not contained in subpart (b), and

there is no grammatical construction that makes it clearly apply to subpart (b). Furthermore, in my view, the "otherwise governed" language does not apply to the remaining subparts of Rule 9014.

### 1. Levoy

This panel does not write on a blank slate on the subject of the relationship between Rule 9014 and Rule 3007. In my view, this issue is governed by *United States v. Levoy (In re Levoy)*, 182 B.R. 827 (9th Cir. BAP 1995), where the IRS contended that service of a claim objection must satisfy the requirements of Rule 7004, while the debtor contended that she was not required to satisfy the formalities of that rule. In holding in favor of the IRS, we stated:

The parties disagree as to the type of notice required under Rule 3007. The United States argued that Fed. R.Bankr.P. 7004 applies, while Debtors argued that . . . the United States was not required to be served with a summons or other pleading. We do not find merit in Debtors' argument and agree that the position of the United States expresses the correct, majority viewpoint on this issue.

Fed.R.Bankr.P. 3007 does not provide the manner for service of the objection to a proof of claim. However, the rule's Advisory Committee Note states: "The contested matter initiated by an objection to a claim is governed by rule 9014 . . . ." Fed.R.Bankr.P. 9014, which pertains to contested matters, in turn, makes applicable the service provisions of Fed.R.Bankr.7004 . . . .

Thus, we hold that Fed.R.Bankr.P. 9014 applies to objections to claims.

*Id.* at 833–34. Having found that Rule 7004 must be satisfied for the service of a claim objection, we found in *Levoy* that the

debtor had met the rule's requirements in its service on the United States on behalf of the IRS.[6]

In my view, we are bound by *Levoy's* holding. *See, e.g., Fjeldsted v. Lien (In re Fjeldsted),* 293 B.R. 12, 15 (9th Cir. BAP 2003) (holding that the Bankruptcy Appellate Panel is bound by its previous decisions).

The majority does not distinguish the holding in *Levoy.* Instead, it takes the position that this ruling in *Levoy* does not constitute binding precedent. In support of this view, the majority erroneously relies on *United States v. Johnson,* 256 F.3d 895, 915–16 (9th Cir.2001), for authority on what constitutes binding precedent. This reliance is unjustified because the paragraph quoted by the majority as the rule on binding precedent comes from the dissent by Judge Kozinski, which is joined by only three other members of the eleven-judge *en banc* panel.[7] The majority in that case did not reach the issue of what constitutes binding precedent. The language on which the majority here relies is thus a dissenting view, which has never been adopted either by the Ninth Circuit or this panel.

The actual Ninth Circuit law on what constitutes binding precedent is the following:

> where a panel confronts an issue germane to the eventual resolution of the case, and resolves it after reasoned consideration in a published opinion, that ruling becomes the law of the circuit, regardless of whether doing so is necessary in some strict logical sense.

*Miranda B. v. Kitzhaber,* 328 F.3d 1181, 1186 (9th Cir.2003).

Under the *Miranda B.* standard, *Levoy* must control this issue of proper service of a claim objection. The panel in *Levoy* confronted the issue of whether Rule 3007 or Rule 7004 (by way of Rule 9014) governs the service of a claim objection, devoted five paragraphs to its analysis, and resolved the issue after reasoned consideration. This clearly satisfies the *Miranda B.* standard, and makes *Levoy* binding precedent on this issue. The majority cannot evade this holding by casting aspersions on the reasoning in the decision. This is precisely what binding precedent prohibits.

Even assuming that the language that the majority here quotes from *Johnson* properly states Ninth Circuit law on binding precedent, the majority decision in this case to reject the *Levoy* precedent cannot be sustained. The majority dismisses the *Levoy* holding, that service of a claim objection is governed by Rule 7004, as an "offhand statement," that is "almost an assumption," and thus not entitled to precedential weight. I cannot agree. This statement was not made "casually and without analysis," or "in passing without due consideration of the alternatives," or "merely a prelude to another legal issue that commands the panel's full attention . . . ." The issue before this panel was clearly litigated fully in *Levoy.* This holding is one of the central decisions in the appellate decision. It clearly is not an occasion where the panel "did not make a deliberate decision to adopt the rule of law

---

**6.** I note that I was the bankruptcy judge in the *Levoy* case, and this panel's decision reversed my ruling on this issue.

**7.** It is necessary to read the *Johnson* opinions carefully to determine what constitutes a majority holding. Its decision consists in a *per curiam* decision, followed by five opinions,

none of which commanded a majority for its entirety. Three other judges joined in all of Judge Kozinski's decision, and two more joined in parts of it. The language at issue is in section III(B), which commanded only four votes.

it announced." I find five paragraphs devoted exclusively to this subject.

I disagree with the majority statement that "there is no discussion of the notice language of Rule 3007" in *Levoy*. The discussion that I quote *supra* is clearly about the language and substance of the notice language in this rule. Thus, even under the *Johnson* language on which the majority relies, *Levoy* constitutes binding precedent.

## 2. Analysis Supporting *Levoy*

The only fault that the majority can properly find with *Levoy*, in my view, is that the *Levoy* panel did not articulate the grounds for its decision in as much detail as the majority now prefers. Not even *Johnson* supports disregarding the *Levoy* rule on these grounds.

Nonetheless, the *Levoy* rule, in my view, is based on solid grounds. The more complete analysis is that Rule 7004 substitutes for Rule 9014(a) pursuant to the "otherwise governed" language of Rule 9014(a), but it does not affect the remainder of Rule 9014. Three separate considerations support this analysis.

First, the "otherwise governed" language is contained only in Rule 9014(a), and it is missing from the rest of the rule. If the drafters of Rule 9014 had intended Rule 3007 to substitute for both subparts (a) and (b), they would have drafted it as follows:

> (a) **Motion.** In a contested matter not otherwise governed by these rules:
>
>> (1) relief shall be requested by motion etc.;

(2) the motion shall be served in the manner provided for service of summons and complaint by Rule 7004 etc.

After this text, (relettered) subparts (c), (d) and (e) would follow.

This language would have accomplished what the majority finds that Rule 3007 accomplishes. But the rule drafters did not write this language into the rule. While this analysis of the form of the rule alone may not carry the day,[8] I believe that it deserves substantial weight.

Second, there is nothing in Rule 3007 that parallels the provisions following paragraph (a) in Rule 9014. The contents of Rule 3007 are parallel to the contents of Rule 9014(a) only. Where Rule 9014(a) provides that relief must be requested by motion, Rule 3007 provides that an objection to the allowance of a claim "shall be in writing and filed." Where Rule 9014(a) provides that, "reasonable notice and opportunity for hearing shall be afforded the party against whom relief is sought," Rule 3007 provides, "a copy of the objection with notice of the hearing thereon shall be mailed or otherwise delivered to the claimant . . . ."

In these respects, the contents of Rule 3007 and Rule 9014(a) are exactly parallel. The difference is solely that Rule 3007 is more specific in two respects: (1) it provides for an actual hearing rather than an opportunity for a hearing, and (2) instead of vaguely providing for "reasonable notice," it specifies that a copy of the objection must be delivered. This parallel structure of the language supports the construction that Rule 3007 substitutes only for Rule 9014(a), and not the remaining provisions of Rule 9014.

---

**8.** Rule 9014 was a single paragraph until it was revised in 2002 and divided into subparagraphs. In its prior iteration, the "not otherwise governed" language apparently applied to the language now contained in subparagraph (b). The Advisory Committee Notes make no mention of an intention to make the language inapplicable to subparagraph (b). In consequence, I do not rely on the drafting alone in my analysis.

Third, there is no doubt that subparts (c), (d) and (e) of Rule 9014 apply to contested matters arising from claim objections. *See, e.g.,* 9 *Collier on Bankruptcy* ¶ 3007.01[1] (Alan N. Resnick & Henry J. Sommer eds., 15th ed.2004) (subpart (c) applies to claim objections). Rule 9014(c) specifies that a number of rules in Part VII apply to contested matters, including the rules providing for pleading special matters (Rule 7009), joinder of parties (Rule 7021), civil discovery (Rules 7026 and 7028–7037), findings by the court (Rule 7052), judgments, including summary judgment (Rules 7054–7056), and execution on judgments (Rule 7069). These rules lie at the core of litigation procedures for bankruptcy claim objections. Thus the scope of the "otherwise governed" language of Rule 9014(a) clearly does not extend to all of Rule 9014.

The majority makes one additional argument to bring Rule 9014(b) within the scope of the "otherwise governed" language of Rule 9014(a). It points out that Rule 9014(b) provides for service of "the motion," which can only refer to motions under Rule 9014(a), and not the "otherwise governed" contested matters (including claim objections). Under this analysis, to apply to proceedings "otherwise governed," Rule 9014(b) would have to state something like, "the motion or other request for relief." There is some force to this argument. However, in my view, it does not carry the day. One could easily imply the "or other request for relief" in Rule 9014(b), on the grounds that expressing it in full would be too cumbersome, and courts should be sensible in their application of the rules. The majority's argument on this point has some weight, in my view, and might carry the day (although I would consider it a close question) in the absence of *Levoy.* However, given the controlling precedent of *Levoy,* in my view this analysis is foreclosed.

Thus, consistent with the mandate of *Levoy,* service of an objection to claim must be accomplished pursuant to Rule 9014(b), which requires that it be served in accordance with the requirements of Rule 7004.

### D. Service on an Agent

Rule 3007 makes no mention of service of a claim objection on an agent in place of service directly on the creditor. Assuming that service on an agent for a creditor is sufficient to satisfy the requirements of Rule 9014(b) and Rule 3007, I disagree with the majority that service in this case was sufficient.

### 1. Rule 3007

If Rule 3007 governs the service of a claim objection, as the majority holds, service on an agent for the claimant (such as the legal counsel served in this case) is not sufficient, in my view.

### a. Individual Service on the Claimant Herself

Assuming that Rule 3007 governs the giving of notice of an objection to a claim (a view that I do not share, as explained above), it is clear to me that State Line did not comply with the requirements of Rule 3007 in giving notice of the objection.

Rule 3007 requires that a copy of the objection "shall be mailed or otherwise delivered to the claimant . . . ." It is uncontested that State Line never delivered a copy of the objection (by mail or otherwise) to Ms. Jorgenson. It only contends that it delivered the copy to her attorney. Rule 3007 contains no authority for service on an attorney or other agent of the claimant.

Unlike Rule 3007, Rule 7004 authorizes service on an agent. At the same time, it clearly distinguishes between service upon

a party and service upon an agent. Rule 7004(b)(1) authorizes service by mail on an individual if it is sent to one of two places: where the individual regularly conducts a business or profession, or to the individual's dwelling house or usual place of abode.

Rule 7004(b)(8) authorizes service by mail on an agent authorized by appointment or by law to receive service of process, and its requirements differ from those for service on an individual. The requirements for service on the agent mirror those for service on an individual (mail sent to the agent's business or home address). However, in addition to service on the agent, Rule 7004(b)(8) requires service of the papers on the principal also (as required by Rule 7004(b)(1), in the case of an individual), if the authorization to receive service of process so requires. There is no similar provision in Rule 3007.

I conclude that if, as the majority holds, service of a claim objection is governed by Rule 3007 and not by Rule 9014, the service must be made on the claimant and cannot be made on an agent (including the claimant's counsel).

### b. Official Form B10

Commendably, the majority does not turn to Rule 9014 to authorize service of a claim objection through service on the claimant's agent. Instead, the majority finds refuge in Official Form B10 ("Form B10") and finds that, in this case, Form B10 authorized service on the claimant through her counsel. The majority places much weight on the box on the claim form specifying, "Name and address where notices should be sent." In my view, this box cannot carry this weight.

Notice and service are very different. *See In re Association of Volleyball Professionals,* 256 B.R. 313, 319–20 (Bankr. C.D.Cal.2000). The provisions for giving notice apply in situations that are very different from those where service is required.

The giving of notice is generally governed by Rule 2002. Service of process, in contrast, is governed by Rule 7004. These issues are placed in different rules because they serve very different functions in the bankruptcy process. *See Association of Volleyball Professionals,* 256 B.R. at 319–20; *Boykin v. Marriott Int'l, Inc. (In re Boykin),* 246 B.R. 825 (Bankr.E.D.Va. 2000).

Notice in a bankruptcy case is required in a wide variety of situations. There are many actions that may be taken in a bankruptcy case that affect the general administration of the case and all creditors generally, but none specifically. Generally, these matters only require general notice to creditors. *See Association of Volleyball Professionals,* 256 B.R. at 319–20; *Boykin,* 246 B.R. at 828. The general notice for many such actions is governed by Rule 2002, including the meeting of creditors (Rule 2002(a)(1)), the proposed use or sale of property outside the ordinary course of business (Rule 2002(a)(2)), a hearing for approval of a compromise or settlement (Rule 2002(a)(3)), a dismissal or conversion hearing (Rule 2002(a)(4)), a fee request exceeding $1,000 (Rule 2002(a)(6)), a disclosure statement hearing (Rule 2002(b)), and a plan confirmation hearing (Rule 2002(b)). Other rules (including Rule 3007, in my view) provide for notice of other kinds of actions. For a typical creditor, most of these events may be of little or no interest. The address for giving notice, as provided in Form B10, is for giving notice of the type contemplated in Rule 2002 and the other rules providing for creditor notice.

One purpose of filing a claim is to notify the parties in interest that the claimant is in fact a creditor in the case. Apart from

the proof of claim, these parties may be altogether unaware of the claimant. It follows from the filing of the claim that the claimant is entitled to notice of the many different kinds of activities in the case. Thus it is appropriate that the proof of claim include an address for giving such notice.

In contrast to matters where notice to creditors generally is sufficient, the bankruptcy rules recognize that a particular creditor is entitled to a different quality of notice when that creditor's rights become an issue in a bankruptcy case. *See Boykin*, 246 B.R. at 829. For example, such specific rights are involved in a claim objection or a motion to sell property free and clear of a creditor's lien. Service pursuant to the requirements of Rule 7004 is required before an estate may take action of this kind. *See id.*

An objection to the creditor's claim falls in this category, because the objection is vitally important to the particular creditor. If the objection is successful, the creditor loses any right to receive a dividend from the estate and loses its status in the case. In addition, the objection may include a counterclaim, pursuant to which the creditor may lose a lawsuit if the creditor does not respond appropriately. Mere notice, of the sort appropriate for the many other types of bankruptcy events in which the creditor may have little interest, does not suffice to alert a creditor to this consequence. For this reason, the bankruptcy rules require service of a claim objection on a creditor of the type required for a summons and complaint before action can be taken on the objection (and especially on an attached counterclaim), so that it will be brought to the attention of the appropriate personnel of the creditor who are trained to deal with such legal problems. This duty does not fall on a clerk who puts his or her name in the box of Form B10 for notice purposes. *See id.* at 828.

State Line notably had no burden in finding Ms. Jorgenson's address: she put it next to her signature on each proof of claim. Nonetheless, State Line failed to send the claim objections to her at the stated address.

#### c. Function of Rule 3007 Notice

The function of the Rule 3007 notice is not difficult to divine. The notice provided there is "notice of the hearing" on the claim objection.

Rule 3007, as I understand it, envisages a three-step process: filing the claim, filing and serving the objection, and subsequent court proceedings thereon. This corresponds, in a civil lawsuit, to the filing of a complaint, the filing and service of an answer, and giving notice of subsequent court hearings on the dispute. The notice required in Rule 3007 is to inform the creditor of the time and place for the commencement of the subsequent court hearings. It is not a substitute for service of the claim objection (which is the functional equivalent of an answer in a civil lawsuit).

### 2. Rule 7004

Because Rule 7004 applies to the service of a claim objection, in my view, I must address whether service of the claim on Ms. Jorgenson's attorney satisfied the requirements of that rule.

The authority of an agent to accept service under Rule 7004 may be either express or implied. Service on an attorney is proper when the client's actions indicate that the client has expressly or impliedly delegated such authority to the attorney. *See Rubin v. Pringle (In re Focus Media)*, 387 F.3d 1077, 1082 (9th Cir.2004), *cert. denied,* —— U.S. ——, 125 S.Ct. 1674, 161 L.Ed.2d 482 (2005). Service on counsel is

sufficient to satisfy the requirements of Rule 3007 only if counsel expressly represents the creditor for the purpose of service of process (which does not appear in this case) or has such authority by implication. *Id.* Neither applies in this case.

### a. Express Representation for Service of Process

It is common ground that Ms. Jorgenson's attorney had no express authorization to accept service of process or service of the claims objections on her behalf, except to the extent that Form B10 may have granted him such authorization. In my view, the entry of the attorney's name in the notice box of Form B10 was no more availing to appoint him as an express agent under Rule 7004 than it was under Rule 3007. Accordingly, I see no express authorization for counsel to receive service on Ms. Jorgenson's behalf.

### b. Implied Representation for Service of Process

In *Focus Media*, the Ninth Circuit found that a court may find implied authority to receive service of process in limited instances where the lawyer has repeatedly represented that client in the underlying bankruptcy case, and where the totality of the circumstances demonstrates the intent of the client to grant such implied authority. *See* 387 F.3d at 1079. I agree with the majority's conclusion that implied agency is not seriously argued in this case, and that the facts do not support such a finding.

### III. Due Process Problem

In addition to the service problem in this case, I also see a due process problem in the form of the papers that were served on Ms. Jorgenson's attorney.

This appeal arises in six administratively consolidated chapter 11 cases for State Line Hotel, Inc. and related entities (hereinafter collectively "State Line") filed in Reno, Nevada. This was apparently quite a large case, sufficiently large to bring in bankruptcy counsel from Los Angeles. It gave rise to hundreds of claims against the various debtors,[9] and to many claims objections.

The proceedings below began with the filing of a voluminous document captioned, "Debtors' Fourth Set of Objections to Claims; Memorandum of Points and Authorities; Declaration of Leon Flinders in Support Thereof." The appellate record does not disclose the size of this document, because the excerpt of record includes only a few selected pages. However, from the pagination of the selected pages it is apparent that the document was more than 157 pages long, and included at least 27 exhibits.

Immediately below the caption is a list of the claim numbers for the twenty claims to which the objection applied. There is ordinarily no reason for a creditor to know the number assigned to the creditor's proof of claim. Numbers are assigned by the court for docketing purposes when a claim is filed, and are not used for any other purpose. A creditor is normally not notified of the claim number at any point in the case. There is no evidence that either Ms. Jorgenson or her counsel received any notice of the numbers assigned to her claims. Apart from the claim numbers, there is no information on the first page of the document, or even in the several following pages, from which Ms. Jor-

9. The appellate record does not disclose the exact number of claims filed. However, the cover page for the set of objections involved in this appeal indicates that it applies to twenty claims bearing numbers from 21 to 362. I conclude that at least 362 claims (and perhaps many more) were filed in these cases.

genson could determine that her two claims were a subject of this set of objections.

Indeed, in this voluminous document there are only two pages, page 16 and page 157, that appear to make any recognizable reference to Ms. Jorgenson's two claims. Page 16 has a single paragraph (fifteen lines long) stating that nothing in the debtors' books and records supports Ms. Jorgenson's claim. Page 157 is a copy of one of her two proofs of claim.

*Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 70 S.Ct. 652, 94 L.Ed. 865 (1950), is the leading case on due process in the bankruptcy context. *Mullane* teaches us that,

> [a]n elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.

*Id.* at 314, 70 S.Ct. 652. *Mullane* requires not only that notice be adequately delivered, but also that it "be of such nature as reasonably to convey the required information . . . ." *Id.* *Mullane* further states that, "[t]he means employed must be such as one desirous of actually informing the absentee might reasonably adopt to accomplish it." *Id.* Finally, under *Mullane*, these issues are evaluated, for due process purposes, "with due regard for the practicalities and peculiarities of the case . . . ." *Id.*

In my view, the claims objections here at issue fall fatally short of these requirements. If State Line had desired actually to inform Ms. Jorgenson that it was objecting to her claims, it would have put her name in the caption of the objection document, or somewhere else on the first page or two, to make sure that the document called to her attention the fact that it purported to affect her individual claims.

Instead, in my view, State Line made a deliberate effort to hide the identity of the claimants whose claims it was disputing. In this document of at least 157 pages, Ms. Jorgenson could find out that her claims were at issue only by looking at page 14 or page 157: no other page in the entire document would give her the slightest clue that it related to her claims.

Claims objections in large bankruptcy cases, like these cases, typically run to hundreds of pages and can sometimes be as thick as several telephone books. When nothing appears on the face of the claim objection to apprise a claimant that the debtor is objecting to that claimant's claim, such as was the case here, I believe that the objection fails to satisfy the *Mullane* requirement that service be reasonably calculated to "apprise interested parties of the pendency of the action." *Mullane*, 339 U.S. at 314, 70 S.Ct. 652.

Given these undisputed facts, I would find that the fourth set of claims objections was not "reasonably calculated, under all the circumstances, to apprise [Ms. Jorgenson or her counsel] of the pendency of [the claims objections] and to afford them an opportunity to present their objections," as required by *Mullane*.

In large cases such as these, it may be convenient to group claim objections together for administrative convenience. Grouping objections together reduces the number of separate papers that counsel has to keep track of, that a court has to docket, that chambers staff is required to organize, and that the judge has to read. However, filing claims objections in a group does not excuse the objecting party from giving notice that is reasonably calculated to put each claimant on notice that

the objection includes that claimant's claim.

The typical procedure for giving such notice is to put the claimant's name in the caption of the document. This procedure has the advantage that the claimant's name also appears on the docket and can be found easily. Alternatively, it may be sufficient to put the names of numerous claimants below the caption or to provide a list of the claimants at issue immediately after the caption, perhaps on the second page of the document.

In my view, due process as articulated in *Mullane* requires sufficient information on or near the first page of the document to catch the attention of a particular claimant whose claim is put at issue. In my judgment, this set of claim objections falls far short of these due process requirements with respect to Ms. Jorgenson.

However, I give no weight to these due process considerations in my dissent herein because this issue was explicitly waived by counsel for Ms. Jorgenson on oral argument.

### IV. Conclusion

For the foregoing reasons I am persuaded that Rule 9014(b) applies to the service of a claim objection on a claimant. Because the requirements of Rule 9014(b) were not satisfied with respect to Ms. Jorgenson in this case, I respectfully dissent from the majority opinion.

