**In re Edwin Lee McDANIEL, Debtor.**

**No. 05–14122–3F3.**

United States Bankruptcy Court, M.D. Florida, Jacksonville Division.

June 21, 2006.

Robert J. Slama, Esq., Jacksonville, FL, for Debtor.

Lisa C. Cohen, Esq., for Land Home.

***ORDER GRANTING LAND HOME SERVICE, LLC'S MOTION TO STRIKE DEBTOR'S OBJECTION TO CLAIM 9 AS LEGALLY INSUF-FICIENT***

JERRY A. FUNK, Bankruptcy Judge.

This case came before the Court upon Debtor's Objection to Claim No. 9 ("Objection"), Land Home Service, LLC's ("Land Home") Motion to Strike Debtor's Objection to Claim No. 9 as Legally Insufficient, or in the Alternative, to Strike for Failure to Plead with Particularity as Required by F.R.B.P. 7009 ("Motion to Strike") and Land Home's Response to Objection to Claim No. 9 ("Response"), Debtor's Amended Objection to Claim No. 9[1] and Debtor's Affidavit in Support of Objection to Claim # 9 filed by Land Home Services, LLC ("Affidavit"). The Court conducted a hearing on June 7, 2006 (the "Hearing"). Land Home and Debtor presented their legal arguments at the Hearing. The Court then took the matter under advisement. Upon the evidence presented and the arguments of the parties, the Court finds it appropriate to grant Land Home's Motion to Strike.

Bankruptcy Rule 9014 applies to contested matters. Bankruptcy Rule 7009

---

1. Debtor's Amended Objection was stricken *sua sponte* by the Court for failure of Debtor's attorney to sign the objection according to Bankruptcy Rule 9011.

incorporates Fed.R.Civ.P. 9 into the Bankruptcy Code and makes it applicable to adversary proceedings. Rule 9014(c) specifically designates that Rule 7009 shall apply in contested matters. *See* Bankr.R. 9014(c) (2005). As a result, Rule 9(b), which concerns pleading fraud, mistake, or condition of the mind, is fully applicable to contested matters, in addition to adversary proceedings. *See, e.g., Jorgenson v. State Line Hotel, Inc. (In re State Line Hotel, Inc.),* 323 B.R. 703, 718 (9th Cir. BAP 2005)("[T]here is no doubt that subpart[ ](c) . . . of Rule 9014 appl[ies] to contested matters arising from claim objections.") (citation omitted). Thus, in a contested matter regarding an objection to a claim, "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." Fed.R.Civ.P. Rule 9(b) (2005).

In the case before the Court, Debtor alleged that Land Home's "claim is invalid and void *ab initio* due to fraud in the inducement". (Debtor's Objection to Claim No. 9 at ¶ 3.) Debtor attached an answer to complaint, counterclaim, cross-claim and demand for jury trial from litigation between Land Home and Debtor, et. al., pending in a federal court of Utah (the "Attachment"). In the Attachment, Debtor claims that various third parties engaged in fraud by making false representations of material facts and fraudulently induced Debtor to give his personal guarantee on the Land Home guaranty. (*See generally* Attachment.)

These averments are not particular enough to put Land Home on notice. "To plead fraud with particularity a plaintiff must include the time, place and contents of the false representations, as well as the identity of the person making the misrepresentation and what [the person] obtained thereby." *US v. Epic Healthcare Mgmt. Group,* 193 F.3d 304, 308 (5th Cir.1999)(in-

ternal quotations and citations omitted). Debtor failed to include the time, place and contents of the false representations. In addition, Debtor did not specify that *Land Home* committed any fraud, but asserts that a co-guarantor and an agent of Debtor's company fraudulently induced his guaranty. As a result, Debtor is still legally obligated to Land Home. Because Debtor did not plead the circumstances constituting fraud with particularity, and because Debtor did not claim that Land Home defrauded him, Land Home's Motion to Strike is granted. Based upon the foregoing, it is

**ORDERED:**

1. Land Home's Motion to Strike is granted.

2. The language dealing with fraud with respect to Land Home's claim is stricken from Debtor's Objection. In all other respects, the Objection shall stand as filed.